## State of Vermont v. Harold Muzzy, Sr.

[ 202 A.2d 267 ]

June Term, 1964

Present: **Holden, C. J., Shangraw, Barney and Smith, JJ.**

Opinion Filed June 24, 1964

*John L. Bernasconi,* State's Attorney, for the State.

*Daniels & Burgess* for the respondent.

**Shangraw, J.** This case involves our implied consent law, 23 V.S.A. §1188, and related sections of the statutes, in their application to the respondent charged with having operated a motor vehicle upon a public highway while under the influence of intoxicating liquor.

Section 1188 reads:

"Any person who operates or attempts to operate a motor vehicle upon a public highway in this state is deemed to have

given his consent to submit to a chemical test of his blood or such other test as herein provided for the purpose of determining the alcoholic content of his blood whenever he is arrested or otherwise taken into custody for any offense involving his operation of a motor vehicle under the influence of intoxicating liquor or drugs, and the arresting officer has reasonable grounds to believe that the person was operating the motor vehicle under the influence of intoxicating liquor or drugs."

A related section, 23 V.S.A. §1191, provides:

"If the person so arrested refuses, on request, to submit to the test, it shall not be given. If such person is charged with a violation of the motor vehicle laws and upon arraignment enters a plea of not guilty, the court at such arraignment shall hold a summary hearing, take evidence relating to the reasonableness of the arresting officer's belief that the respondent was operating the motor vehicle while under the influence of intoxicating liquor or drugs and upon the reasonableness of the respondent's refusal to submit to a test. Upon a finding by the court that the arresting officer had sufficient reason to believe that the respondent was so operating and that the respondent unreasonably refused to submit to a test, such respondent's operator's license or nonresident operating privilege or the privilege of an unlicensed operator to operate a motor vehicle shall be suspended for a period of six months and the respondent shall deliver his operator's license, if any, to the court and the court shall forward it forthwith to the commissioner of motor vehicles."

The respondent was arrested on a complaint returnable before the Montpelier Municipal Court charging him with operating a motor vehicle upon a public highway while under the influence of intoxicating liquor, a violation of 23 V.S.A. §1183. Although requested, the respondent refused to submit to a chemical test of his blood.

Upon arraignment the respondent pleaded not guilty. In accordance with the provisions of §1191, *supra*, a summary hearing was held by the municipal court and it was found that the arresting officer had sufficient grounds to believe that the respondent was operating a motor vehicle while under the influence of intoxicating liquor and that he unreasonably refused to submit to a blood test. In compliance with the mandate of the statute, §1191, *supra*, respondent's operator's li-

cense was ordered delivered to the court and by it forwarded to the commissioner of motor vehicles. The mandatory suspension of six months follows as a matter of statutory direction.

The respondent has filed a notice of appeal from the "findings, order and denial of motion for stay entered by the Montpelier Municipal Court this 4th day of May 1964." He also filed a motion addressed to this Court requesting an order to stay the execution of the order of the municipal court wherein it directed a surrender of the respondent's driver's license, pending determination of this appeal. The state's attorney of Washington County has filed a motion to dismiss the appeal, and also a motion to dismiss respondent's motion for a stay.

The right to operate a motor vehicle upon a public street or highway is not a natural or unrestrained right but a privilege which is subject to reasonable regulation under the police power of the state in the interest of public safety and welfare. It is not a property right. A criminal trial on a charge of operating a motor vehicle while under the influence of intoxicating liquor or drugs is a distinct and separate proceeding from a hearing to determine whether an operator's license should be suspended because of the holder's refusal to submit to a sobriety test. *Prucha* v. *Department of Motor Vehicles,* 172 Neb. 415, 110 N.W.2d 75. On this general subject, see annotation 88 A.L.R.2d 1065-1080.

Implied consent statutes, such as here, are prompted to combat the growing menace of drunken drivers upon the public highways, which is a perplexing problem both to law enforcement officers and to the courts. A person charged with a violation of 23 V.S.A. §1183 is not required to submit to a test. He is given the choice of taking the chance that an unfavorable test result would aid in his conviction, or by refusing, lose his license for a period of six months under the statute. The choice is his. 23 V.S.A. §1191. See *State* v. *Hedding,* 122 Vt. 379, 172 A.2d 599.

At the threshold of the case we are confronted with the question of respondent's right of appeal to this Court from the findings, order, and the denial of motion to stay made by the municipal court. In the absence of a constitutional requirement the right of appellate review is a legislative privilege to be granted or withheld as seems best to the legislature. The right of review which the respond-

ent seeks in this Court is not provided for by statute. Without such authority this Court has no jurisdiction to entertain the appeal. *Cutting* v. *Cutting,* 101 Vt. 381, 384, 143 Atl. 676; *Stevens* v. *Wright,* 108 Vt. 359, 360, 187 Atl. 518; *In re Walker Trust Estate,* 112 Vt. 148, 151, 22 A.2d 183.

In passing on respondent's motion in this Court for a stay of the municipal court order by which respondent's driver's license was surrendered to the court, it is sufficient to say that upon the findings made by the court below, suspension for a period of six months became mandatory under the statute, §1191, *supra.*

The criminal prosecution under 23 V.S.A. §1183 and the proceedings under §1191, *supra,* are separate and distinct from each other. Even though the respondent be acquitted on trial this does not preclude the suspension of his license for having refused to submit to a test.

In that we have no jurisdiction over the appeal, it follows that the motion to stay must be dismissed. 4A C.J.S. Appeal and Error §634, subsection (b).

*The appeal, and motion to stay, are each dismissed.*