## In re Petition of Michael J. McGarry v. Edward J. Costello, Judge of the District Court In Chittenden County

[260 A.2d 402]

No. 122-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 2, 1969

*Donald E. O'Brien,* Burlington, for Petitioner.

*Patrick J. Leahy,* State's Attorney and *Joseph E. McNeil,* Burlington City Grand Juror, for Respondent.

**Holden, C.J.** This is a petition for a writ of *certiorari.* The proceedings we are called upon to review resulted from the petitioner's refusal to submit to the testing procedures provided in motor vehicle statutes, commonly referred to as the "implied consent law." The question presented concerns 23 V.S.A. §§ 1188 and 1191.

> § 1188. Consent to blood test implied
>
> Any person who operates or attempts to operate a motor vehicle upon a public highway in this state is deemed to have given his consent to submit to a chemical test of his blood or such other test as herein provided for the purpose of determining the alcoholic content of his blood whenever he is arrested or otherwise taken into custody for any offense involving his operation of a motor vehicle under the influence of intoxicating liquor or drugs, and the arresting officer has reasonable grounds to believe that the person was operating the motor vehicle under the influence of intoxicating liquor or drugs.

§ 1191. Refusal to submit to test

If the person so arrested refuses, on request, to submit to the test, it shall not be given. If the person is unconscious, or incapable of decision, it shall be deemed that his consent is given as provided in section 1188 of this title and that a blood test may be taken. If such person is charged with a violation of the motor vehicle laws and upon arraignment enters a plea of not guilty, the court at such arraignment shall hold a summary hearing, take evidence relating to the reasonableness of the arresting officer's belief that the respondent was operating the motor vehicle while under the influence of intoxicating liquor or drugs and upon the reasonableness of the respondent's refusal to submit to a test. Upon a finding by the court that the arresting officer had sufficient reason to believe that the respondent was so operating and that the respondent unreasonably refused to submit to a test, such respondent's operator's license or nonresident operating privilege or the privilege of an unlicensed operator to operate a motor vehicle shall be suspended for a period of six months and the respondent shall deliver his operator's license, if any, to the court and the court shall forward it forthwith to the commissioner of motor vehicles.

Although the writ does not issue as a matter of right, the resort to *certiorari*, to review questions of law arising in the course of the summary hearing provided in § 1191, was held to be appropriate in *State* v. *Laplaca*, 126 Vt. 171, 174, 224 A.2d 911. We have examined the record presented with the petition to determine whether the request of the application to stay the order of the lower court, requiring surrender of the petitioner's license, should be granted. This is in accord with the procedure followed in *West River Bridge Co.* v. *Dix*, 16 Vt. 446, 449 (aff'd 6 How. U.S. 507), 12 L.Ed. 535.

It appears from the record of the proceedings below that the petitioner was involved in a two car accident on a public thoroughfare in Burlington, shortly before midnight on June 20, 1969. The accident was investigated by Patrolman Michael Spernak of the Burlington Police Department. When the officer arrived, the petitioner was sitting in the right side

of the front seat. The officer observed blood on his face. A bottle of vodka, which was nearly empty, and an unopened can of beer were on the floor.

The officer inquired of the petitioner concerning who was the driver of his vehicle. He replied he did not know. He later stated he was the operator. His wallet, containing operator's license and registration, was on the front seat beside him. The petitioner experienced difficulty in producing his identification papers. His speech was slow and distinct. His face was flushed and his eyes were bloodshot. No odor of alcohol was detected, but when asked if he had had anything to drink, the petitioner answered "Yes," stating he "had a few." The petitioner was soon taken by ambulance to the hospital for treatment of his injury. At that time the investigating officer was of the opinion that Mr. McGarry was under the influence of intoxicating liquor.

Officer Spernak later talked to Mr. McGarry in the presence of the latter's father at the hospital when he furnished them information required in the accident report. He again inquired if he had anything to drink and Mr. McGarry replied he "had a couple." The petitioner was informed of the provisions of the implied consent law, the consequences of a refusal to submit to a test and his right to an attorney. Upon arrest, the petitioner was asked to take the test. He refused.

Officer Spernak was the only witness called by the State. Against the officer's testimony, the respondent testified he suffered from loss of memory and was disoriented from the head injury he had received. He explained the vodka bottle had been in his car for more than two weeks and he had not taken any of its contents on the night in question. He testified he was not under the influence of liquor. Although he stated he did have something to drink, his remembrance and belief was that he did not have anything of an alcoholic nature.

Dr. Longstreth, who examined, treated and released Mr. McGarry at the hospital, testified the petitioner suffered a mild concussion. A laceration over the right eye was superficial, but bled considerably. The doctor did not recall whether the patient's eyes were bloodshot. If his face was flushed, the doctor did not notice it. From questioning the petitioner, he learned he experienced a partial loss of memory, some confusion and disorientation.

The respondent offered to prove through Dr. Longstreth that, as a result of his examination of the petitioner, he was of the opinion the petitioner was not under the influence of liquor. The petitioner further offered other witnesses who had observed Mr. McGarry before, at the scene and after the accident, who would testify that, in their several opinions, Mr. McGarry was not under the influence of intoxicants. These offers were excluded.

On the record, as thus constituted, the district court found the arresting officer had sufficient reason to believe the petitioner was operating while under the influence of intoxicating liquor. The court further determined that the petitioner unreasonably refused to submit to the test requested by the officer.

The error of law claimed in the petition is directed at the court's refusal to receive the opinion evidence of the witnesses called by the petitioner to testify on the state of his sobriety. The petitioner contends his offer of proof bears directly on the reasonableness of the accused's refusal to submit to the test, that it serves to rebut the testimony of the arresting officer and shows the unreasonableness of the officer's belief that the operator was under the influence of liquor.

Without reference to the excluded offer, the observations made by the investigating officer at the scene of the accident and the petitioner's response to his questions, afford adequate and reasonable grounds for a belief that the petitioner was operating his vehicle under the influence of intoxicating liquor. The opinion evidence offered by the petitioner does not refute the officer's observation nor his conversation with the petitioner. The offer attempts to override the officer's judgment in this regard by the opinion of others concerning the state of the operator's sobriety.

■ By the terms of the enactment, an operator on the public highways is deemed to have given his consent to submit to scientific testing, provided the arresting officer has a reasonable basis for the belief that the person requested to take the test was operating in violation of the statute. 23 V.S.A. § 1188. And the responsibility of deciding whether reasonable grounds for the request are present resides in the first instance with the officer, subject to review by the court where

the accused is brought for arraignment. The opinion of the accused and that of outsiders is entirely foreign to the issue.

If the officer is mistaken or misled in his belief, the statute provides a means to correct it. In any event, the first question at the summary hearing is not whether the officer's opinion was wrong or contrary to that of other observers. The issue is whether the facts and circumstances provide a reasonable basis for the officer's judgment. The record sustains the district court's finding that the arresting officer had reasonable grounds to believe the petitioner was operating his vehicle under the influence of intoxicating liquor.

The option of granting or rejecting the officer's request belongs only to the accused. If the request is refused, the reasonableness of the refusal is similarly subject to review by the court at the time of arraignment. 23 V.S.A. § 1191. The opinion of others about the operator's sobriety could not affect the validity of a decision which belonged to the operator alone.

The court below received the petitioner's testimony concerning why he refused the test. As we have seen, his belief that the officer had no cause for asking him did not excuse him. The only other reason advanced in the record is the petitioner's testimony that he "was not at all under the influence of any liquors but suffering from injuries as a result of this accident."

There is no claim that the injuries adversely affected his choice or rendered him incapable of submitting to the testing procedures provided by the statute. The record permits no inference to this effect.

In essence, the petitioner bases his refusal on the claim that he was innocent of the offense charged. But a claim of innocence, even if vindicated by acquittal, affords no legal justification for refusing the test. The questions at the summary proceeding and the issues at the criminal trial are distinctly different. *State* v. *Muzzy*, 124 Vt. 222, 224, 202 A.2d 267; *Prucha* v. *Department of Motor Vehicles*, 172 Neb. 415, 110 N.W.2d 75, 88 A.L.R.2d 1055, 1062. See also *State* v. *Dellveneri*, 128 Vt. 85, 258 A.2d 834.

240

■ The purpose of the statute is to encourage the availability of scientific evidence to determine the presence or absence of alcoholic influence in the operator's body fluids. Essentially, the legislature has expressed its preference for the results of chemical analysis as a means to affirm or reject the uncertain opinion of a layman derived from observation of external symptoms of intoxication. See Donigan, Chemical Tests and the Law, p. 10.

The suspect operator may foreclose such evidence by revoking the consent which the statute implies. He does so at the risk of suspension when the statutory prerequisites have been fulfilled. *State* v. *Ball,* 123 Vt. 26, 27, 179 A.2d 466. To escape that risk, by reliance on symptomatic opinions, would defeat the main objective of the law. We find no error in the exclusion of such evidence on the restricted issues before the court at the arraignment hearing.

■ The license to operate is an important and valued privilege that cannot be arbitrarily revoked. But its exercise and enjoyment are contingent upon compliance with the conditions which the legislature has imposed. *In re Bolio* v. *Malloy,* 126 Vt. 424, 427, 234 A.2d 336. After hearing on the relevant issues, the court below has found on competent evidence that the respondent has failed to comply with the conditions imposed by the statute. We find no cause to disturb the lower court's direction to the petitioner to deliver up his license. 23 V.S.A. § 1191.

*It is adjudged that no error is shown or apparent upon the record of the proceedings in the district court. The relief sought in the petition is denied.*