## State of Vermont v. District Court of Vermont, Unit No. 1, Rutland Circuit

[274 A.2d 685]

No. 141-70

Present: Holden, C.J., Barney, Smith and Keyser, JJ., and Martin, Supr. J.

Opinion Filed February 2, 1971

*Robert I. Tepper,* State's Attorney, for Petitioner.

*James P. Carroll,* Rutland, for Petitionee, *Ellis James Flanders.*

**Barney, J.** This is a petition for a writ of *certiorari.* It relates to a so-called "reasonableness" hearing held in district court in connection with a charge of driving while intoxicated. The case is *State of Vermont* v. *Ellis James Flanders,* docket number 1886-70 Rcr, in the Rutland Circuit of the District Court. Such a hearing is called for by 23 V.S.A. § 1205. No right of appellate review is provided, which accounts for the resort to *certiorari. State* v. *Muzzy,* 124 Vt. 222, 225, 202 A.2d 267 (1964); *Royalton College* v. *State Bd. of Education,* 127 Vt. 436, 438, 251 A.2d 498 (1969).

The review thus given is not the same as that of an ordinary appeal. It is limited to a review of judicial action by inferior courts and tribunals and confined to substantial questions of law affecting the merits. *In re Petition of Town of Essex,* 125 Vt. 170, 170–71, 212 A.2d 623 (1965). The party affected by the reasonableness hearing has challenged the existence of any such error, irregularity or substantial question of law, affecting the merits of the case, by filing a motion to dismiss.

If the issue were merely one questioning the correctness of the court's ruling on a matter of the admissibility of certain evidence, not putting at issue the due process sufficiency of the proceeding, this review would go no further. But the ruling below excluded an entire class of evidence, and involves the substantive nature and purpose of the hearing itself.

Thus, we must further examine the question raised. The issue in a "reasonableness" hearing is set out in the provisions of 23 V.S.A. § 1205:

"If the person refuses to submit to a chemical test, it shall not be given. If the person is charged with a violation of the vehicle laws and upon arraignment enters a plea of not guilty, the court at the arraignment or as soon thereafter as is practicable shall hold a summary hearing, and take evidence relating to the reasonableness of the officer's belief that the respondent was operating a vehicle under the influence of intoxicating liquor or drugs. Upon a finding by the court that the officer has sufficient reason to believe that the respondent was so operating the respondent's operator's license or nonresident operating privilege or the privilege of an unlicensed operator to operate a motor vehicle shall be suspended for a period of six months and the respondent shall deliver his operator's license, if any, to the court and the court shall forward it forthwith to the commissioner of motor vehicles."

The trial court denied the state the right to introduce any evidence in support of the officer's belief that was not first-hand or direct evidence. Anything based on inquiry of others or reported to him outside of his own observation was excluded. The court then found the evidence allowed before it insufficient to support a reasonable belief in the officer that the person charged was operating his motor vehicle under the influence of intoxicants.

 This is not a criminal prosecution. It is a hearing to determine whether there should be a suspension of an operator's driving privilege because of his refusal to carry through his implied consent to submit to a sobriety test. *State* v. *Muzzy, supra*, 124 Vt. 222, 224. Since the consequence of suspension may follow such refusal, the legislature has taken steps to protect operators from arbitrary, capricious or otherwise unreasonable demands that a test be taken. This is accomplished by its requirement that it be adjudicatively determined whether or not the belief of the officer, from which the request to test is generated, is a reasonable one. That others had differing opinions does not avail the respondent, *McGarry* v. *Costello*, 128 Vt. 234, 260 A.2d 402, 405 (1969), and the reasonableness of the respondent's refusal to take the test has been removed as an issue by statutory amendment effective July 1, 1970.

■ The components of a belief are unlikely to conform to the standards of admissibility for trial evidence. Neither this legislation nor the law otherwise requires it as a test of reasonableness. Even the more crucial criminal proceedings relating to the issuance of search and arrest warrants do not impose such stringent evidentiary limitations. See *McCray* v. *Illinois,* 386 U.S. 300, 311, 18 L.Ed.2d 62, 71, 87 S.Ct. 1056 (1967).

■ These "reasonableness" hearings, although not criminal, seek a parallel sort of protection for operators against an arbitrary exercise of this police power. But there is no special purpose beyond that, which requires a restriction of inquiry greater than that in a probable cause hearing. The duty of the court is to evaluate the facts and circumstances presented as persuading the officer that he should request the respondent to take a test. This evaluation is not a test of their compliance with evidentiary rules restricting hearsay, but an examination into their reasonableness as a basis for the officer's belief. *McGarry* v. *Costello, supra,* 260 A.2d at 405. The ruling of the court below prevented the state from fully developing the issue of the officer's belief by limiting its presentation of these facts and circumstances. This requires that the proceeding be set aside and a new hearing had.

*Petition sustained, issuance of the writ ordered, and the order of the District Court, Unit No. 1, Rutland Circuit, in the case of State of Vermont v. Ellis James Flanders, Docket No. 1886-70 Rcr, determining that the state police officer, James T. Freese, acted unreasonably in requesting the said Flanders to submit to a chemical test for the purpose of determining the measure of his intoxication, if any, is vacated, and the cause is remanded to the District Court aforesaid, for rehearing.*