### State of Vermont v. Joseph J. Lyon

[274 A.2d 478]

No. 134-70

Present: Holden, C.J., Barney, Smith and Keyser, JJ., and Martin, Supr. J.

Opinion Filed February 2, 1971

*Gilbert Myers,* Essex Junction, for Plaintiff.

*Robert I. Tepper,* State's Attorney, for the State.

**Martin, Supr. J.** ▇ . This is a petition for a writ of *certiorari,* requesting this Court to declare proceedings of the District Court of Vermont, Unit No. 1, Rutland Circuit, illegal in connection with a summary hearing held under the so-called "implied consent law" as provided by Section 4, of No. 212 of the Acts of 1959. (See Amendment, 1969, No. 267 (Adj. Sess.) Section 5, 23 V.S.A. § 1205.) Since no right of appellate review is provided, a petition for a writ of *certiorari* is an appropriate remedy to review questions of law arising in the course of such a summary hearing. *State v. Laplaca,* 126 Vt. 171, 174, 224 A.2d 911 (1966).

Respondent was arrested on June 7, 1970 by a Vermont State Police Officer and charged with driving a motor vehicle along the public highway in Fair Haven, Vermont, while under the influence of intoxicating liquor. At first, respondent agreed to take a blood test, as requested, but no doctor was available in Fair Haven. Respondent was taken to the police barracks in Rutland where he was asked again to submit to one of the three sobriety tests. At the summary hearing the Officer testified that respondent replied, "he would consent to a blood test if I would sign a waiver saying that if he got an infection from the needle that he could sue me." The Officer took respondent's answer to mean a refusal, and he did not attempt to call another doctor. The District Court found that the arresting officer had sufficient reason to believe the respondent was operating a motor vehicle while under the influence of intoxicating liquor, and that respondent unreasonably refused to submit to a sobriety test.

▇ The sole issue raised is whether the condition attached to respondent's consent to take a blood test constitutes an unreasonable refusal to take the test. The law to be applied in reviewing the evidence in this case is well stated in *Davidson v. Whitehall, et al.,* 87 Vt. 499, 508, 89 A. 1081 (1914):

"Questions of fact are rarely, if ever, reviewable upon *certiorari*; so the decision of a question of fact upon evidence introduced at the hearing before the inferior tribunal will not be reviewed unless some question of law relating thereto is raised. . . . The inquiry is directed solely to determining whether, from competent evidence before it, the decision of the inferior tribunal is sustainable, a question similar to that raised by a motion for a directed verdict or a motion to set aside a verdict as unsustained by the evidence."

There is no provision in the so-called "implied consent law" which allows for a conditional consent to take a sobriety test. On the evidence presented, the decision of the lower court is clearly sustainable. No error is shown or apparent upon the record of the proceedings.

*The relief sought in the petition is denied, and the order granting stay of the suspension of respondent's license by the Commissioner of Motor Vehicles is dissolved.*