**Chapin Hill Estates, Inc. v. Town of Stowe, Town of Stowe Town School District, Raymond T. Slayton, Sr., and The Board of Abatement of Town and Town School District Taxes for the Town of Stowe**

[298 A.2d 815]

No. 95-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed December 5, 1972

*Bruce Graham, Esq.,* Stowe, for Plaintiff.

*Parker & Sargent,* Morrisville, for Defendants.

**Keyser, J.** In 1970, the plaintiff was the owner of about 55 acres of land in the Town of Stowe located on Vermont

Route 100. This property was appraised for tax purposes by the listers at $60,000. for the 1970 tax year. Due notice of the appraisal of the listers was given to the attorney then acting for the plaintiff. Neither the plaintiff nor its said attorney appeared at the listers' grievance hearing to protest the appraisal. And, there was no appeal taken from the appraisal of the listers to the board of civil authority under 32 V.S.A. § 4404.

Thereafter plaintiff's present attorney petitioned the town under 24 V.S.A. § 1535 for an abatement of taxes assessed against the plaintiff for the year 1970 on the grounds of manifest error and mistake of the listers. This statute provides in part that "It [board of abatement] may abate in whole or in part taxes in which there is manifest error or taxes in which there is mistake of listers."

The board determined, after hearing, that the property was properly assessed at fair market value. It also found that there was no manifest error in the 1970 property tax and that the 1970 taxes did not represent any mistake on the part of the listers and therefore refused to abate the taxes.

The plaintiff then brought a complaint against the defendants to Lamoille County Court seeking relief for the abatement of a portion or all of its 1970 taxes based on the ground that the appraisal and resulting assessment of plaintiff's real property was manifestly excessive and was the result of manifest error, and the taxes claimed to be due were taxes in which there was a mistake of the listers. Among other things, plaintiff alleged that it had exhausted its administrative remedies and had no recourse except to make application to the court for relief under V.R.C.P. 75.

The petition was met by defendants' motion to dismiss for lack of jurisdiction over the subject matter in that this action is under V.R.C.P. 75 which provides the procedure for review ". . . in accordance with this rule if such review is otherwise available by law."

The trial court, after hearing the arguments of counsel, granted defendants' motion to dismiss, but based its decision on the ground "that said Plaintiff has an adequate remedy at law which he failed to avail himself thereof" pursuant to 32 V.S.A. § 4461. Section 4461 relates to the taking of an

appeal from the decision of the board of civil authority which must be taken within twenty-one days after the mailing of the notice by the town clerk to the taxpayer of the board's decision. The appeal may be taken either to the tax commissioner or to the county court where the property is located.

An examination of defendants' motion reveals that the decision of the court did not rest on the grounds recited in defendants' motion. Rather it was erroneously bottomed on the provisions of 32 V.S.A. § 4461 which was foreign to the motion. For this reason the plaintiff stipulated in its brief "for the purpose of this appeal the Supreme Court may consider the question raised by the defendants' motion, whether or not that question was basis [sic] for the decision of the County Court, and may determine the issue presented by that motion."

In this posture of the case the narrow issue for our decision is whether the county court was without jurisdiction over the subject matter as claimed by the appellees for the reason that the plaintiff has no right of appeal under our rules of procedure, V.R.C.P. 75.

V.R.C.P. 75(a) which is the basis of plaintiff's action in county court provides:

> "(a) Availability of Review. Any action or failure or refusal to act by an agency of the state or a political subdivision thereof, including any department, board, commission, or officer, that is not appealable under Rule 74 may be reviewed in accordance with this rule if such review is otherwise available by law."

The defendants first argue in their brief that review by this Court should be denied because the plaintiff has an adequate remedy at law which it failed to avail itself of. However, as we have said, that was not a ground of its motion to dismiss but was that because there was no statutory provision for the review of the action of the board of abatement, V.R.C.P. 75 did not avail to the plaintiff the right of appeal to this Court from the dismissal of its action in county court.

Although, there is no right of appeal from the action of the board of abatement provided by 24 V.S.A. § 1533, its

action, nevertheless, is subject to court review under Rule 75 "if such review is otherwise available by law."

The Reporter's Notes following the Rule 75 states in part:

> "Rule 75(a), like Rule 74, does not purport to say what determinations are reviewable, but provides a procedure applicable whenever county court review is provided by the particular statute establishing an agency or is available as a matter of general law by proceedings in the nature of certiorari, mandamus, or prohibition."

■■ Extraordinary writs are abolished by V.R.C.P. 81, but review of the action by a governmental agency must be in accordance with the procedure prescribed by Rule 74 or 75, as appropriate. The abolition of the extraordinary writs is consistent with the provisions of those rules which provide exclusive remedies for review of governmental action. All substantive rights to relief previously available by such writs may be obtained by proceeding under Rules 74 and 75. See Reporter's Notes following V.R.C.P. 81 at page 212.

■ In actuality plaintiff's complaint may be likened to a petition for *certiorari* under our "old" law. But defendants allege that a review in the nature of *certiorari* is unavailable here because the record does not contain any value of the property in question other than that placed on it, citing *State* v. *State Board of Equalization*, 75 Wash. 90, 134 P. 695 (1913). However, the law of this jurisdiction is unlike the law of the Washington case, which limited the scope of the review to the record. But in *Davidson* v. *Whitehill et al.*, 87 Vt. 499, 503, 89 A. 1081 (1914), this Court held that a review in the nature of *certiorari* may not be limited only to the facts as found in the record. Furthermore, the reviewing court is not precluded from taking testimony. *Sowles* v. *Bailey*, 69 Vt. 277, 279–80, 37 A. 751 (1897). In fact, proceedings under V.R.C.P. 75 allow for a trial by jury which could only contemplate the taking of evidence and the making of a determination of facts. See V.R.C.P. 75(d). Therefore, this action not being outside the scope of the old writ of *certiorari* was properly before the county court as a matter

of general law under V.R.C.P. 75. The new rules do not adversely affect this right.

The case will be remanded for further proceedings.

*Reversed and remanded.*