**Herbert Miner v. District Court of Vermont, Unit No. 6, Windsor Circuit, James E. Malloy, Commissioner of Motor Vehicles, and State of Vermont**

[392 A.2d 390]

No. 72-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 11, 1978

*James L. Morse*, Defender General, *Charles S. Martin*, Appellate Defender, and *William A. Nelson* (On the Brief), Montpelier, for Plaintiff.

*Michael J. Sheehan*, Windsor County State's Attorney, and *William J. Donahue*, Deputy State's Attorney, White River Junction, for State.

**Hill, J.** This is an appeal by the State from the order of the Windsor Superior Court vacating an order of the District Court of Vermont, Unit No. 6, Windsor Circuit, suspending the petitioner's license to operate a motor vehicle. The State contends that the superior court had no jurisdiction to review the proceedings of the district court, but, if it had jurisdiction, the relief should have been denied.

The facts of the case are as follows. The petitioner was injured when a motor vehicle which he was driving went partially off Route 103 in Springfield. The state trooper who investigated the accident believed that the petitioner had been driving the vehicle while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1210 (b). While the petitioner was being taken to the Springfield Hospital by ambulance, the trooper went to the State Police barracks in Rockingham where he picked up a blood test kit. He did not take a breath test kit which was also available because he had earlier con-

cluded that the petitioner would be unable to take a breath test due to his injuries.

When the trooper arrived at the hospital he asked the petitioner to take a blood test. Because he did not want to be "stabbed," the petitioner refused to take the test, but offered to take any other test including a breath test. The trooper indicated that no breath testing equipment was readily available and insisted that the blood test be taken. The petitioner still refused even though he was warned that his failure to take the blood test might result in a loss of his license.

Subsequently, the petitioner was charged with operating a motor vehicle while under the influence of intoxicating liquor. Pursuant to the statute, a hearing was conducted by the district court to determine whether the refusal to take the test was reasonable. 23 V.S.A. § 1205(a).

The main issues raised in the hearing were whether the breath testing equipment not in the trooper's possession at the hospital at that time was reasonably available and whether the petitioner would have been able to give a sufficient sample of breath.

The district court concluded that breath testing equipment was reasonably available, but that petitioner would have been unable to give a sufficient sample of his breath stating that,

> The better practice would be for the officer to actually attempt to have a person give a sufficient sample of his breath and find from such attempt the person is unable to give sufficient sample of their breath. However, in this case due to the Respondent's injuries and his resulting breathing difficulties the officer was justified, based on his experience, to conclude the Respondent was unable, at that time, to give a sufficient sample of his breath.

The district court ordered the petitioner to surrender his license. From this order, a petition under V.R.C.P. 75 was made to the Windsor Superior Court for a stay and a review of the action of the district court. After a hearing, that court issued findings and concluded that the district court's action was in error and ordered the license reinstated. We affirm.

We first address the contention that the superior court had no jurisdiction to review the actions of the district court

taken as a result of the hearing under 23 V.S.A. § 1205. Since there is no specific right of appellate review provided for in this statute, a petition for a writ of certiorari is appropriate to review questions of law arising in the course of the hearing. *State* v. *Lyon*, 129 Vt. 141, 142, 274 A.2d 478 (1971). The superior court has concurrent jurisdiction with the Supreme Court of proceedings in certiorari. 4 V.S.A. § 113. Although V.R.C.P. 81(b) abolished the extraordinary writs such as certiorari, the relief is obtainable by "appropriate action or motion under the practice prescribed by these rules."

In this case, the action for review was properly brought under the provisions of V.R.C.P. 75, which provides the appropriate procedure for superior court review in cases of this kind where review is available as a matter of general law by a proceeding in the nature of certiorari. *Chapin Hill Estates, Inc.* v. *Town of Stowe*, 131 Vt. 10, 13, 14, 298 A.2d 815 (1972), Reporter's Notes, V.R.C.P. 75, at 195. Thus, the superior court had jurisdiction to review the actions of the district court.

The State also contends that the superior court should have denied the relief requested because no substantial issue of law affecting the merits of the case has been raised. *State* v. *District Court*, 129 Vt. 212, 213, 274 A.2d 685 (1971). We disagree. Both the district and superior courts made essentially the same findings of fact, disagreeing only on the conclusion of law to be drawn from such facts. The district court held that, based on his experience, the officer was justified in concluding that the appellee was unable, at that time, to give a sufficient sample of his breath. The superior court, on the other hand, did not agree that the officer could make that determination. The central issue, then, is whether a state police officer has the right to make an independent lay judgment upon observing an operator that he was unable to give a sufficient sample of his breath. This presents a substantial issue of law.

Finally, the State contends that the relief should have been denied on the merits. In 1959 the Legislature enacted an implied consent law. In 1970 this act was repealed and a

revised version was adopted. Under the original law, the respondent had a right of choice as to which of three tests he would take. By the 1970 act no right of option was given to the respondent nor was any right given to the officer to designate which of four tests may be taken. *State* v. *Mastaler*, 130 Vt. 44, 50, 285 A.2d 776 (1971). In 1973 this statute, 23 V.S.A. § 1202(a), was further amended. It provides for only two types of tests, breath test and the blood test. The Legislature in the first instance prescribed that a breath test be given. It is only when breath testing equipment is not reasonably available or the person is unable to give a sufficient sample of his breath that he is deemed to have given his consent to the taking of a sample of his blood. Here, the courts found that breath testing equipment was reasonably available. Both courts also found that the officer did not attempt to give a breath test but exercised his judgment that the respondent was unable to give a sufficient sample. We hold that it is not enough for a police officer to make a determination based on his experience that a person is unable to give a sufficient sample of his breath and insist upon a blood sample being taken. This is a question of fact, not of the officer's belief. The statute only permits an officer to insist upon a blood test when in his opinion a person is incapable of decision or is unconscious or dead.

■ The State argues that both courts were in error in finding breath testing equipment reasonably available. A careful review of the transcript reveals that the officer left behind breath testing equipment at the Rockingham barracks when he picked up the blood test kit. It further reveals that there was a breath test kit available at the Springfield police station, a matter of minutes away from the hospital. The State can take nothing from this claim.

*Judgment affirmed.*

Billings, J., concurring. I agree with the result reached by the majority opinion, and I also concur that a petition for extraordinary relief is the only method for review of hearings in district court pursuant to 23 V.S.A. § 1205(a) since no appeal lies directly from such hearings. See *State* v. *Muzzy*,

124 Vt. 222, 202 A.2d 267 (1964). The superior court jurisdiction rests on the provisions of 4 V.S.A. § 113. *State* v. *Lyon,* 129 Vt. 141, 274 A.2d 478 (1971). See also 4 V.S.A. § 2(b).

I disagree, however, with the statement in the majority opinion that V.R.C.P. 75(a) governs the procedural aspects here involved. The pertinent part of V.R.C.P. 75(a) is as follows:

> Any action or failure or refusal to act by an agency of the state or a political subdivision thereof . . . .

A district court is not "an agency of the state"; nor is it a "political subdivision" of the state. In my view, the majority opinion has by judicial fiat amended the rule to include the review of district court proceedings. This is improper until the requirements of 12 V.S.A. § 1 have been met. In the case at bar, the procedure should properly rest on V.R.C.P. 81(d) and the common law.