492

# State of Vermont v. Albert L. Larose

[479 A.2d 162]

No. 83-331

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed June 8, 1984

*Helen V. Torino,* Franklin County State's Attorney, St. Albans, for Plaintiff-Appellee.

*Nicholas L. Hadden* and *Thomas J. Kennedy* (On the Brief) of *John Kissane Associates,* St. Albans, for Defendant-Appellant.

**Billings, C.J.** This is an interlocutory appeal pursuant to V.R.A.P. 5(a). On June 13, 1982, the defendant was charged by information with willfully and maliciously procuring the burning of a barn on September 29, 1971, in violation of 13 V.S.A. § 503, second degree arson. After entering a plea of not guilty at his arraignment, the defendant filed a motion to

dismiss on the ground that the statute of limitations, 13 V.S.A. § 4501, barred his prosecution. The trial court certified the following question to this Court:

> Does 13 V.S.A. § 4501 bar a prosecution brought pursuant to 13 V.S.A. § 503, eleven years after the alleged offense?

The statute of limitations in effect when the defendant was issued the citation* prescribed that:

> Prosecutions for a felony or misdemeanor, other than larceny, robbery, burglary, embezzlement, forgery, arson and murder, shall be commenced within three years after the commission of the offense, and not after.

13 V.S.A. § 4501 (amended 1981, No. 52, § 1; 1981, No. 223 (Adj. Sess.), § 11).

The defendant claims that the word "arson" as used in the above cited statute of limitations refers only to arson causing death, see 13 V.S.A. § 501, and first degree arson, 13 V.S.A. § 502. Noting that the statute of limitations currently in effect expressly exempts arson causing death from the statute, the defendant argues that this amended statute of limitations codifies "what has always been the intent of the legislature." Alternatively, the defendant contends that when a term in a criminal statute is not defined, the common law definition is presumed to control. Under the common law, arson meant the willful and malicious burning of the dwelling house of another. *State v. Hannett,* 54 Vt. 83, 86 (1881).

■■ The answer to the certified question depends upon the proper exercise of statutory interpretation, "with the primary objective of giving effect to the intention of the legislature." *Wetterau, Inc.* v. *Department of Taxes,* 141 Vt. 324, 327, 449 A.2d 896, 897 (1982). The plain, ordinary meaning of statutory language is presumed to be intended, *id.,* and the intent of the legislature is "presumed to be in accordance

---

* "For the purpose of determining whether a period of limitation prescribed by law has run, a prosecution for a felony or misdemeanor shall be deemed commenced upon . . . the issuance . . . of a citation to appear . . . ." 13 V.S.A. § 4508.

with the ordinary meaning of the statutory language." *Hill* v. *Conway*, 143 Vt. 91, 93, 463 A.2d 232, 233 (1983).

In 1935, the legislature enumerated for the first time the degrees of arson, 1935, No. 202, §§ 1–6, which have remained unchanged except for minor amendments to the penalty provisions. As already noted, the statute of limitations was not amended until 1981; before then only "arson" was exempted from the statute. If, in 1935, the legislature had intended to amend the statute of limitations so that it addressed the degrees of arson enacted that year also, it presumably would have done so. See *Rebideau* v. *Stoneman*, 398 F. Supp. 805, 813 (D. Vt. 1975). It did not do so, and therefore the intent of the legislature in maintaining the wording of the pre-1981 statute of limitations was that all the degrees of arson were included therein.

*The certified question is answered in the negative.*