## State of Vermont v. Allen F. Yudichak

[519 A.2d 1150]

No. 85-006

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed October 31, 1986

*Timothy W. Shanley*, Washington County Deputy State's Attorney, Barre, for Plaintiff-Appellant.

*Robert J. Kurrle* and *Robert Halpert*, Montpelier, for Defendant-Appellee.

**Per Curiam.** This is an interlocutory appeal by the state from an order of the district court granting defendant's motion to suppress the results of a blood alcohol test. The certified question presented for our determination is as follows: "Does the fact that a Vermont State Police Officer requested a blood sample [instead of] a breath sample from the surviving operator in a fatal collision require suppression of the results of that blood sample in a subsequent DWI prosecution?" We answer this question in the affirmative.

This case arose from a motor vehicle accident in which defendant, a Norwich University student, was driving the University's fire truck. The fire truck rolled over once, severing a utility pole. Three cadets died. Five others were treated for injuries.

Following the accident, defendant was taken to the hospital. A Northfield police officer radioed a Vermont state trooper for assistance in obtaining a blood sample from defendant as the surviving operator of a fatal accident, pursuant to 23 V.S.A. § 1203(d). Officer Davison of the Vermont State Police interviewed defendant at the hospital, read the standard DUI processing form to defendant, and requested a blood sample. Defendant cooperated fully. He acknowledged that he understood his rights, waived his right to counsel, and agreed to give a sample of his blood for testing. Analysis of the blood sample revealed a blood alcohol content of .14.

Defendant argues that the requirements of 23 V.S.A. § 1202(a) apply to testing performed under 23 V.S.A. § 1203(d). We agree. 23 V.S.A. § 1202(a) provides, in part:

> Any person who operates, attempts to operate or is in actual physical control of any vehicle on a highway in this state is deemed to have given his consent to the taking of more than one sample of his breath for the purpose of determining the alcoholic content of his blood. If breath testing equipment is not reasonably available or if the person is unable to give a sufficient sample of his breath for testing or if a state police officer . . . has reasonable grounds to believe that the person is under the influence of a drug other than or in addition to alcohol, he is deemed to have given his consent to the taking of a sample of his blood for those purposes.

In this language, the legislature has expressed its preference for breath testing over blood testing. In discussing 23 V.S.A. § 1202(a), this Court has stated:

> The Legislature in the first instance prescribed that a breath test be given. It is only when breath testing equipment is not reasonably available or the person is unable to give a sufficient sample of his breath that he is deemed to have given his consent to the taking of a sample of his blood.

*Miner* v. *District Court*, 136 Vt. 426, 430, 392 A.2d 390, 392-93 (1978).

23 V.S.A. § 1203(d) provides that "[a] sample of breath or blood shall be obtained if feasible from any surviving operator whose vehicle is involved in a fatal accident." The State argues

that § 1203(d) should serve as the only guidance in this appeal. We disagree.

The State distinguishes 23 V.S.A. § 1203(d) from the remainder of the statutory scheme because all other sections require law enforcement officers to have reasonable grounds to believe the operator to be under the influence prior to requesting either a breath or blood sample. We agree that 23 V.S.A. § 1203(d) is unique. It alone concerns the testing of a surviving operator whose vehicle is involved in a fatal accident. It is distinctive in that the condition precedent to testing under § 1203(d) is the occurrence of a fatality. Under the remaining sections in chapter 13 of Title 23, the condition precedent to testing is reasonable grounds to believe that a person is operating under the influence. This fact alone, however, does not make § 1203(d) so different that it stands by itself, without relation to the other parts of the statutory scheme.

In interpreting statutes, our primary objective is to give effect to the intent of the Legislature. *State* v. *Lund*, 144 Vt. 171, 175, 475 A.2d 1055, 1058 (1984). We presume that the plain, ordinary meaning of statutory language is intended. *State* v. *Larose*, 144 Vt. 492, 493, 479 A.2d 162, 163 (1984). Nevertheless, before relying on the plain meaning rule in construing a statute, a court "must examine and consider fairly, not just isolated sentences or phrases, but the whole and every part of the statute, . . . together with other statutes standing in pari materia with it, as parts of a unified statutory system." *Lund*, *supra*, 144 Vt. at 180-81, 475 A.2d at 1061-62 (Peck, J., concurring in part, dissenting in part) (citations omitted).

Our view of §§ 1202(a) and 1203(d) as part of a unified statutory system governing negligent and drunken driving is not new to us. In *State* v. *Welch*, 135 Vt. 316, 321, 376 A.2d 351, 354 (1977), we held that both §§ 1202 and 1203 are subject to § 1205 which allows a person asked to submit to a chemical test to refuse if he or she so desires. We continue to view the sections in chapter 13 of Title 23 as a unified statutory system. Thus, it follows that the right to be administered a breath test in the first instance pursuant to § 1202(a) also applies to testing pursuant to § 1203(d).

In the instant case, the state police obtained a blood test from defendant without first seeking to obtain a breath test. In the absence of any evidence to indicate that breath testing equipment was not reasonably available or that defendant was unable to take

a breath test, this was error. Thus, because the law enforcement officer in this case requested a blood sample rather than a breath sample from a surviving operator whose vehicle is involved in a fatal accident, suppression of the blood test results in a subsequent DUI prosecution is required.

*Certified question answered in the affirmative.*