**STATE of Minnesota, Respondent,**

v.

**Manley BADINER, Appellant.**

**No. C3–87–405.**

Court of Appeals of Minnesota.

Sept. 29, 1987.

Review Denied Dec. 18, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael J. Colich, St. Louis Park City Atty., Peter A. Cahill, Asst. City Atty., Minneapolis, for respondent.

Jay P. Yunek, Bruce H. Hanley, P.A., Minneapolis, for appellant.

Heard, considered and decided by LANSING, P.J., and CRIPPEN and MULALLY *, JJ.

### OPINION

EDWARD D. MULALLY, Judge.

This appeal is from a judgment of conviction of two counts of making harassing telephone calls, Minn.Stat. § 609.79 (1984). Appellant Manley Badiner waived a jury trial, and agreed to stipulate to the criminal

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

complaints, retaining a right to address the court and present a justification for the telephone calls. The trial court found Badiner guilty of the two counts of telephone harassment, and not guilty of a count of breach of the peace. We affirm.

## FACTS

Appellant Manley Badiner lived in an apartment building in St. Louis Park above a 75–year-old woman, Ms. Betty Mark. He complained of noise coming from her apartment, both to the caretaker and property manager and to the St. Louis Park police. Badiner claimed the property manager took Ms. Mark's side and he could get no response from the police. He admitted calling Ms. Mark's apartment and that he had knocked on her door a few times.

Badiner estimated he called Ms. Mark as many as eight to ten times. He testified he was polite, asked Ms. Mark on the phone, "Would you please be a little more quiet," and that she hung up. He stated he did not intend to harass her, that he called with the specific purpose of trying to stop the noise.

The St. Louis Park Police found Badiner's complaints of undue noise unfounded. The first complaint states, in part:

The officer further noted that he had responded personally to two of the Defendant's calls and had found that the Defendant's allegations were unfounded. Officer Soltvedt also noted that the Defendant had previously been the subject of a complaint from Ms. Mark regarding harassing telephone calls. Ms. Mark noted that the Defendant had been calling her apartment several times during the day with unfounded complaints about noise. The victim further noted to Officer Soltvedt that she was frightened by the Defendant * * *.

The second complaint recited that Ms. Mark stated she had received a phone call at 7:30 a.m. from Badiner complaining about noise. She stated she was sleeping at the time. Ms. Mark stated Badiner was calling her two or three times a week and sometimes banging on her ceiling. Badiner testified Ms. Mark was making "quite a bit of noise in cleaning and fixing up" her apartment.

## ISSUE

Was the evidence sufficient to show Badiner acted with intent to harass?

## ANALYSIS

The statute under which Badiner was convicted provides:

Subd. 1. Whoever,

(1) By means of a telephone,

 * * * * * *

 (c) Makes or causes the telephone of another repeatedly or continuously to ring, with intent to harass any person at the called number,

[ (2) ] * * * shall be guilty of a misdemeanor.

Minn.Stat. § 609.79, subd. 1 (1984).

 The statute requires a specific intent to harass, but does not require the call be made "solely to harass." *Cf. United States v. Darsey*, 342 F.Supp. 311 (E.D.Pa. 1972) (statute required call "solely to harass"); *State v. Patterson*, 534 S.W.2d 847, 849 (Mo.App.1976) (similar statute did not cover calls between city officials arguably related to city business). The number and nature of the calls were sufficient for the court to infer an intent to harass. *Cf. Caldwell v. State*, 26 Md.App. 94, 337 A.2d 476 (1975) (defendant made only two calls, on the first of which, the alleged victim spoke to him for about an hour).

 Even if the trial court had found Badiner had a valid noise complaint, as a general rule a person may not pursue a larger objective, no matter how lawful or laudable, by unlawful means. *State v. Quinnell*, 277 Minn. 63, 65, 151 N.W.2d 598, 600–01, n. 5 (1967); *see also* 21 Am. Jur.2d *Criminal Law* § 187 (1981) (it is no defense to a criminal charge that the victim of the crime may have been guilty of wrongdoing).

Badiner stipulated to the criminal complaints against him, although he testified to facts at variance with those stated in the complaints. Treating this as a stipulation

to the admission of evidence, rather than to the facts, we still find the evidence sufficient to establish the specific intent required by the statute. *See State v. Whisonant,* 331 N.W.2d 766, 768 (Minn.1983) (intent must be determined from all objective facts and circumstances).

## DECISION

There was sufficient evidence to support the convictions.

Affirmed.