STATE of Vermont v. Jadie E. RATLIFF

[738 A.2d 96]

No. 98-403

July 9, 1999. Defendant Jadie Ratliff appeals the district court's finding that he refused to submit to a blood alcohol concentration test. He contends that his refusal to provide a blood sample did not constitute a refusal to give an evidentiary sample. We reverse.

Defendant was charged with driving while intoxicated under 23 V.S.A. § 1201(a)(2) and leaving the scene of an accident under 23 V.S.A. § 1128. At the time defendant was cited to appear for arraignment on the criminal charges he was given a notice of intent to suspend his license under 23 V.S.A. § 1205(a) based upon an allegation that he refused to submit to an evidentiary test. At the first civil suspension hearing, the court ruled in favor of defendant. Subsequently, the State's motion to reopen the civil suspension case was granted. At the second civil suspension hearing, the court found that defendant had refused to submit to an evidentiary test. A stay of the suspension was granted pending appeal under 23 V.S.A. § 1205(k) (suspension shall not be stayed pending appeal unless defendant is reasonably likely to prevail on appeal).

At the second hearing, defendant testified that he sustained an injury to his chin as a result of a car accident that required three or four stitches. Defendant had been taken to the emergency room to have his injuries treated. While there, a law enforcement officer decided to process defendant for DWI because he reasonably believed that defendant had been driving while under the influence of intoxicating beverages at the time of the accident. The officer then spoke with the attending physician, whose advice is noted in the officer's affidavit as follows:

"Per Dr. Hosmer stitches on chin would possibl[y] open up if he tried to blow into the [infrared testing equipment]." Based on this information, the officer insisted, without first requesting a breath sample, that defendant submit to a blood test.

On appeal, defendant maintains that he was willing and capable of giving a breath sample. He testified at the second hearing that the officer never expressed his concern to him that the wounds might reopen if defendant attempted to provide a sample of breath for evidentiary testing. He further testified that the doctor did not tell him that his injuries rendered him unable to provide a sufficient breath sample. Moreover, defendant claims that his refusal to submit to a blood test when he was willing to give a breath test is not a violation of 23 V.S.A. § 1202(a)(1) "([e]very person who operates . . . any vehicle on a highway in this state is deemed to have given consent to an evidentiary test of that person's breath for the purpose of determining the person's alcohol concentration . . . in the blood."). 23 V.S.A. § 1202(a)(2) states that "[i]f breath testing equipment is not reasonably available or if the person is unable to give a sufficient sample of breath for testing or if the law enforcement officer has reasonable grounds to believe that the person is under the influence of a drug other than alcohol, the person is deemed to have given consent to the taking of an evidentiary sample of blood." The court found that breath testing equipment was reasonably available. There was no allegation that defendant was under the influence of a drug other than alcohol. Thus, the dispositive issue is whether or not defendant was "unable to give a sufficient sample of breath" for evidentiary purposes.

In *Miner v. District Court*, 136 Vt. 426, 430, 392 A.2d 390, 393 (1978), we held that "it is not enough for a police officer to make a determination based on his experience that a person is unable to give a

sufficient sample of his breath and insist upon a blood sample being taken." Whether a person is able to give a sufficient sample of his or her breath for testing is an objective, factual inquiry, not a matter of the officer's subjective belief. See *id.* Moreover, 23 V.S.A. § 1202(a)(2) permits an officer to exercise judgment that a blood sample is necessary only when the person is incapable of decision or unconscious or dead.

In this case, the law enforcement officer apparently consulted with a medical professional to determine defendant's ability to provide a sufficient breath sample. The officer's affidavit shows, however, that the doctor was concerned that the stitches on his chin might *possibly* open up if defendant tried to blow into the infrared machine; the doctor did not say defendant was unable to provide a sufficient sample. The officer used the doctor's equivocal response to determine defendant would be unable to successfully provide a breath sample. Under these circumstances, the officer had no authority to insist that defendant submit to a blood test. The better practice, in this instance, would have been for the officer to have actually permitted defendant to attempt to provide a breath sample to determine whether or not he was able to give a sufficient sample. See *id.* at 428, 392 A.2d at 392.

In the absence of any evidence to indicate defendant was unable to take a breath test, the court erred in holding that defendant had refused to provide an evidentiary sample. See *State v. Yudichak*, 147 Vt. 418, 420-21, 519 A.2d 1150, 1152 (1986).

*Reversed.*