**Insurance Company of North America v. Millers' Mutual Insurance Association of Illinois and George S. Cook and Christopher A. Kee**

[427 A.2d 354]

No. 109-79

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 3, 1981

*Robinson E. Keyes* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Plaintiff.

*Crispe & Crispe*, Brattleboro, and *William C. Sennett*, Bennington, for Defendant.

**Billings, J.** Plaintiff-appellee Insurance Company of North America (INA) brought a declaratory judgment action against defendant-appellant Millers' Mutual Insurance Association of Illinois (Millers') to determine which insurer must provide primary insurance coverage for defendant Christopher A. Kee. Kee, while driving an automobile owned by Earl A. Johnson, Jr., was involved in an accident in which defendant George Cook was injured.

In May, 1976, Earl A. Johnson, Jr., the owner of a 1970 Ford automobile, asked Christopher A. Kee to drive him from New Haven, Connecticut, to LaGuardia Airport in New York City. Johnson was a graduate student at the college where Kee was an undergraduate. Johnson also gave Kee permission to use the automobile to transport Kee's personal belongings to his parents' home in Charlemont, Massachusetts.

In addition, Johnson asked Kee to take a television set with him so that Johnson's sister could pick it up in Charlemont. After this Kee was to return the automobile to a garage in Wallingford, Connecticut, for repair work. When Kee arrived at Charlemont, Massachusetts, he could not gain entrance to his parents' house. He then drove to Williamstown, Massachusetts, a distance of 15 miles, to try to find friends with whom he could spend the night. He was not successful so he then decided to drive to Middlebury, Vermont, approximately 100 miles from Charlemont, Massachusetts, to try once more to locate friends with whom he could spend the night. In the town of Dorset he had an accident with an automobile in which George S. Cook was a passenger. Cook later sued Kee for his injuries.

Johnson had liability insurance coverage for the automobile operated by Kee which was issued by defendant Millers'. This policy provided in part:

Persons Insured: Under the Liability and Medical Expense Coverages, the following are insureds:

(a) With respect to an owned automobile,

. . . .

(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission . . . .

The defendant Millers' denied coverage on the basis that Kee did not have permission to operate the car. The plaintiff was called upon to defend Kee but declined to do so because it claimed the defendant Millers' afforded primary coverage. After hearing by court, the trial judge found that Kee was operating within the scope of his permission and that the defendant Millers' must provide primary coverage. Defendant Millers' appeals claiming that the findings of fact and conclusions of law are not supported by the evidence.

The issue in this case is whether or not Kee's use of the automobile at the time of the accident was within the scope of the permission given by Johnson. If it was, the defendant Millers' is responsible for providing primary insurance coverage. When an automobile is placed in the hands of

the operator by consent, there is a presumption that the particular use to which the automobile was being put was within the scope of that consent. *American Fidelity Co. v. North British & Mercantile Insurance Co.*, 124 Vt. 271, 204 A.2d 110 (1964). To overcome this presumption a party must show that the consent had been expressly withdrawn, or that the operation of the car involved a major deviation from the consent given. See *id.* at 275, 204 A.2d at 113. A minor deviation from the purpose of the loan would be within the scope of the permission. *American Fidelity Co. v. North British & Mercantile Insurance Co., supra.*

■ On the record here it is clear that the attempt to drive to Middlebury, some 100 miles beyond the original destination, was not a minor deviation, and the presumption of permission was amply overcome by the evidence. Only the most strained construction of the facts could have resulted in the conclusions of the trial judge. The deviation here was too great, especially when viewed together with the owner's specific instructions as to the delivery of Kee's personal belongings and delivery of the television set and the instructions to return the car to the repair garage in Connecticut.

*Reversed. Declaratory judgment order dated February 20, 1979, vacated and judgment entered as follows:*

> It is hereby adjudged and ordered that at the time of the collision with the car in which George S. Cook alleges he was a passenger, Christopher A. Kee was not operating the 1970 Ford insured by Millers' Mutual Insurance Association of Illinois within the scope of the permission of Earl A. Johnson, Jr., and Christopher A. Kee was not then a person insured under liability insurance policy #4602-5283 issued by Millers' Mutual Insurance Association of Illinois and owned by Earl A. Johnson, Jr.