## State of Vermont v. Timothy R. Pluta

[600 A.2d 291]

No. 91-080

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed October 11, 1991

*William H. Sorrell*, Chittenden County State's Attorney, and *Scot L. Kline*, Deputy State's Attorney, Burlington, for Plaintiff-Appellant.

*David R. Cowles* of *Jarvis and Kaplan*, Burlington, for Defendant-Appellee.

**Johnson, J.** The State appeals from the district court's order refusing to suspend defendant's automobile operator's license

following a civil license suspension hearing pursuant to 23 V.S.A. § 1205(m). We reverse.

On November 10, 1990, at approximately 1:10 a.m., a state trooper stopped and arrested defendant for driving while intoxicated. A chemical breath test conducted at 2:40 a.m. revealed that defendant's blood alcohol content was .15%.

Subsequently, the State served notice that it intended to suspend defendant's license pursuant to 23 V.S.A. § 1205(g),[1] for "operating . . . a motor vehicle [with] 0.10 percent or more by weight of alcohol" in his blood.

During the civil license suspension hearing, the State introduced affidavits from the arresting officer and the chemist who had tested defendant's breath sample. Defendant introduced an affidavit from another chemist, Theodore Manazir, who indicated that numerous factors influence the relationship between a driver's blood alcohol content (BAC) when he is arrested and his BAC when tested. He also presented general information about average human alcohol absorption rates, and about blood alcohol testing, such as standard error rates. At the hearing, Manazir testified: "it is possible for a person to have a test result over .10 percent within 2 hours of operation and be under .10 percent at the time of operation." Manazir stated, however, that his conclusion was solely theoretical; he was unable to render an opinion about defendant's BAC at the time of arrest because Manazir had not analyzed defendant's case in particular. The three affidavits and Manazir's testimony comprised the sole evidence at the hearing.

---

[1] 23 V.S.A. § 1205(g), which was amended in 1991, forms the substance of what is now § 1205(h). The section relevant to this case stated, in part:

Upon a finding by the court that the law enforcement officer had reasonable grounds to believe that the person was operating, attempting to operate, or in actual physical control of a vehicle in violation of section 1201 of this title and that the person submitted to a test and that the test results indicated that there was 0.10 percent or more by weight of alcohol in the blood at the time the person was operating, attempting to operate or in actual physical control, the court shall forward the report of the hearing to the commissioner who shall suspend the person's operating license, or nonresident operating privilege, or the privilege of an unlicensed operator to operate a vehicle for a period of 90 days and until the person complies with section 1209a of this title.

The central issue at the civil suspension hearing was whether Manazir's affidavit and testimony rebutted a presumption in 23 V.S.A. § 1205(m), which states:

> In a proceeding under this section, if there was at any time within two hours of operating, attempting to operate or being in actual physical control of a vehicle an alcohol concentration of 0.10 or more, it shall be a rebuttable presumption that there was 0.10 percent or more by weight of alcohol in the blood at the time of operating, attempting to operate or being in actual physical control.[2]

The district court determined that although the State had properly invoked the statutory presumption, it was rebutted by Manazir's affidavit and testimony. The court stated that even though the presumption was rebutted, the State could have prevailed if it had introduced evidence that related the test result back to the time of operation; "however, the State has failed to introduce any evidence to show that there is a rational connection between a test result of a .151[%] BAC one hour and thirty minutes after operation and a BAC of 0.10 at the time of operation." Defendant prevailed, then, because the State did not relate the evidence back to show that defendant's blood alcohol content was 0.10% or higher at the time of operation.

The State contends on appeal that, to rebut the presumption, a defendant must present more than a theoretical possibility that the presumption may not be true in all cases; he must present evidence to show that the presumption of intoxication for the particular defendant was untrue at the time of operation. The State argued that the legislature designed the 23 V.S.A. § 1205(m) presumption as "an evidentiary shortcut . . . to simplify the suspension process by effectively avoiding the relation-back issue except when relation back is truly called into question by the defendant with case-specific evidence." Defendant argues that the general information presented by Theodore Manazir in the affidavit and at trial was sufficient to rebut 23 V.S.A. § 1205(m)'s presumption.

■ Under Vermont law, a civil presumption effectively places the burden of going forward with the evidence on the

---

[2] This subsection has been amended, but only to change the blood alcohol content intoxication presumption to .08%.

party against whom it operates. *Rocque v. Co-operative Fire Ins. Ass'n of Vermont*, 140 Vt. 321, 325–26, 438 A.2d 383, 386 (1981); V.R.E. 301(a). Thus, defendant had to present evidence to rebut the presumed fact that his level of intoxication violated the statute. See 9 Wigmore on Evidence § 2494, at 379 (Chadbourn rev. 1981) (a presumption imposes on the party against whom it operates the burden of producing evidence sufficient to defeat the presumed fact). To satisfy that burden, defendant was not required to "overcome" the presumption with evidence. *Tyrrell v. Prudential Ins. Co. of America*, 109 Vt. 6, 23–24, 192 A. 184, 192 (1937); *Rocque*, 140 Vt. at 326, 438 A.2d at 386. He was required only to produce evidence sufficient to support a finding that his blood alcohol level was under 0.10 percent at the time of operation. See *Fidelity & Deposit Co. of Maryland v. Wu*, 150 Vt. 225, 228, 552 A.2d 1196, 1198 (1988) (to rebut a statutory presumption, a defendant need only produce evidence sufficient "to get to the jury on the issue").

■ To rebut a statutory presumption the opponent's evidence must do more than raise a mere theoretical possibility that the presumed fact does not exist. See *Insurance Co. of North America v. Millers' Mutual Ins. Ass'n of Illinois*, 139 Vt. 255, 258, 427 A.2d 354, 355 (1981) (party using automobile with permission raises proper use presumption; rebutting presumption requires specific evidence that consent was withdrawn or use was major deviation from consent given). Otherwise, the use of a presumption to shift the burden of going forward with certain evidence would be meaningless. Since a rebuttable presumption already assumes that the presumed fact will not be true in all cases, it is not rebutted simply by recognizing the possibility that it can be rebutted. To fairly put the presumed fact in issue, specific evidence is required to show that the presumed fact was not true in the particular case, given its actual underlying facts and circumstances.

■ In the instant case, defendant's evidence was insufficient to defeat the statutory presumption that a person is intoxicated at the time of operation if his BAC within two hours of opera-

tion is .10 percent or more.[3] The trial court erred in concluding that evidence of a general, theoretical nature was sufficient to rebut 23 V.S.A. § 1205(m)'s presumption. Cf. *Rocque*, 140 Vt. at 326, 438 A.2d at 386 (party trying to defeat presumption that mailed letter was received must introduce specific nonreceipt evidence); *Gardner v. Department of Social Welfare*, 135 Vt. 504, 508, 380 A.2d 87, 90 (1977) (party's burden to rebut presumption that personal funds were transferred to allow qualification for Medicaid could be met by providing specific evidence of "some acceptable external event triggering the transfer of funds"). Such a holding defeats the obvious purpose of the statute, which is to shift the burden of submitting relation-back evidence to the party most able to provide it. Reporter's Notes, V.R.E. 301.

Defendant contends that our holdings in *State v. Rollins*, 141 Vt. 105, 110, 444 A.2d 884, 886–87 (1982), and *State v. Dumont*, 146 Vt. 252, 254, 499 A.2d 787, 788 (1985), require the State to establish that defendant was actually intoxicated at the time of operation.

*Rollins* and *Dumont* both involved criminal prosecutions for driving under the influence. Neither implicated the precise presumption at issue in a civil license suspension hearing under 23 V.S.A. § 1205, and they are not relevant to this appeal. The purpose of the § 1205(m) presumption is elimination of the necessity for the State to introduce evidence that relates a breath test result back to the time of operation. Requiring the State to produce relation-back evidence nullifies the presumption.

*Reversed and remanded.*

---

[3] Defendant argued orally that he was attacking the presumption's validity, and not the sufficiency of the evidence used to rebut it. No such argument was made in the trial court or briefed in this Court, however, and we will not consider it.