## STATE of Vermont v. Brian LOWE

[740 A.2d 348]

No. 98-224

April 12, 1999. The State appeals from a district court decision refusing to suspend defendant's driver's license in this civil license-suspension proceeding. The court held the State failed to present sufficient evidence to prove by a preponderance of the evidence that defendant's alcohol concentration was .08 or more at the time of operating a vehicle in violation of 23 V.S.A. § 1201(a)(1). The State argues that the court erred in considering the margins of error, established by the Department of Health performance standards for the Datamaster testing device, in deciding that the State was not entitled to the presumption under 23 V.S.A. § 1205(m). We affirm.

On February 21, 1998, defendant was arrested for operating a vehicle with an alcohol concentration of .08 or more. See 23 V.S.A. § 1201(a)(1). At a civil license-suspension hearing, the State offered into evidence a breath-test result indicating an alcohol concentration of .083. Defendant requested that a second test result, indicating a blood alcohol concentration (BAC) of .079, also be entered into evidence. The tests were taken within four minutes of each other. Both test results

were admitted into evidence. The State also submitted an affidavit from a chemist, who works for the Department of Health, certifying that the .083 test complied with Health Department regulations on breath-testing methods and thus was an accurate and valid indication of the alcohol content in defendant's system at the time of the test.

The court asked the State whether it had any evidence to explain the different test results, but the State submitted no further evidence. Because the two tests were taken within a four minute period, the court found that it was more likely that the discrepancy resulted from testing error than from elimination of alcohol from defendant's system. Further, it noted that the Health Department regulations require that the infrared breath testing device (Datamaster) be capable of determining a person's BAC within an accuracy of plus or minus ten percent. Consequently, the court held that the State had failed to present sufficient evidence to show that defendant's BAC had been .08 on February 21, 1998. The State appeals.

At a civil license-suspension proceeding, the State has the burden of proving by a preponderance of the evidence that a law enforcement officer had reasonable grounds to believe that the person was operating a vehicle in violation of 23 V.S.A. § 1201, that the person submitted to a test, and that the test result indicated a BAC of .08 or more at the time of operation. See 23 V.S.A. § 1205(h) (Cum. Supp. 1996).[1] The State is entitled to the benefit of two rebuttable presumptions. The first presumption is set forth in § 1205(g)(4) (Cum. Supp. 1996), which states:

Evidence that the test was taken and evaluated in compliance with rules adopted by the department of health shall be prima facie evidence that the testing methods used were valid and reliable and that the test results are accurate and were accurately evaluated.

This presumption concerns test result accuracy and testing method validity. See V.R.E. 301(b) (prima facie evidence of one fact establishes rebuttable presumption of another fact).

In *State v. Rolfe*, 166 Vt. 1, 14, 686 A.2d 949, 958 (1996), we explained that this presumption shifts the burden of production to the defendant. To rebut this presumption, the defendant must present evidence challenging the accuracy of the testing method or of the test result in the particular case. See *id.* Mere theoretical possibility that the test result is inaccurate is insufficient to meet this burden. See *id.* If defendant meets this burden of production, the presumption is rebutted. See Reporter's Notes, V.R.E. 301. The burden of persuasion remains throughout the proceeding with the State. See *id.* (burden of persuasion remains with proponent; opponent's burden is to come forward with enough evidence to create jury question).

The second rebuttable presumption is set forth in § 1205(m). It provides that, once the State proves the defendant's BAC was .08 or more within two hours of operating a vehicle, it is then presumed the defendant's BAC was .08 or more at the time of operation. See 23 V.S.A. § 1205(m) (Cum. Supp. 1996). The purpose of this presumption is "to shift the burden of submitting relation-back evidence to the party most able to provide it." *State v. Pluta*, 157 Vt. 451, 455, 600 A.2d 291, 293 (1991).

The State confuses these two rebuttable presumptions in its brief. It relies on the § 1205(m) presumption concerning

---

[1] 23 V.S.A. § 1205 has been amended since defendant's civil license-suspension proceeding. Consequently, the subsections discussed here do not correlate to those in the current statute. See 1997, No. 117 (Adj. Sess.), § 16.

the relation-back issue, but, since the predicate fact for the first presumption was rebutted and the State thereby lost its benefit, the issue of relating the test back to the time of operation, the second presumption, never arose. The defendant's introduction of the .079 test presented evidence that the .083 test result was not accurate. Considering the evidence of the two test results before it, the court could not conclude by a preponderance of the evidence that defendant had a BAC of .08 or more at the time he was tested. In arriving at the conclusion that defendant had met his burden of production to rebut the § 1205(g)(4) presumption, the court appeared to take into account both the existence of the .079 test result and the fact the .083 test result was within a ten-percent margin of error of the legal threshold of .08. The State's failure to prove by a preponderance of the evidence that defendant's BAC was .08 or above, the first of the two rebuttable presumptions, ended the court's inquiry before reaching the second presumption.

The State contends that the court erred by considering the ten-percent margin of error specified by regulation.[2] The applicable regulation provides: "Analytical instrumentation shall be capable of determining the blood or breath alcohol concentration of the person sampled with an accuracy of plus or minus 10%." Vermont Dep't of Health, Breath and Blood Alcohol Analysis § C(I) in 4 Code of Vermont Rules 13140003-002. In deciding for defendant, the court stated that the

.083 test was within the acknowledged margin of error of the legal threshold of .08. To the extent the court may have implied that the ten percent margin of error raises the legal threshold to .088, it was incorrect. The statute does not require the State to establish that a defendant's BAC was above .088 (.08 plus a ten-percent margin of error).

We conclude, however, that the court merely relied upon the ten percent margin of error to provide an explanation for two different test results in the absence of any other explanation. Hence, there was no error. The court was faced with two test results, one above the legal limit and one below that limit. The State presented no evidence to explain the different results, except an affidavit indicating that the Datamaster is capable of determining BAC within an accuracy of plus or minus ten percent. Although not submitted for this purpose, the information could, of course, explain the disparate test results. In view of this explanation and the .079 test result, there was no error in concluding that the State failed to meet its burden of proving a BAC of .08 by a preponderance of the evidence.

*Affirmed.*

### In re A.J.

---

[2] Another regulation requiring analytical instrumentation to "be capable of analyzing replicate samples of breath containing a known amount of alcohol with a precision of plus or minus 5% from their mean" is not applicable here. See *State v. Brooks*, 162 Vt. 26, 32-33, 643 A.2d 226, 230 (1993) (five-percent-deviation rule is laboratory calibration requirement, not field performance criterion).