## STATE of Vermont v. Kenneth GREEN

[790 A.2d 426]

No. 01-035

December 21, 2001. The State appeals from the district court's judgment in favor of defendant in this civil license suspension proceeding. The State challenges the trial court's ruling that, in cases involving defendants who submitted to a test after being stopped for driving while intoxicated (DWI), the State must prove by a preponderance of the evidence that the defendant was operating a vehicle, rather than showing merely that the arresting officer had reasonable grounds to believe that the defendant was operating the vehicle. We affirm.

On the evening of August 13, 1999, a police officer for the Town of Wilmington observed an oncoming vehicle pass by him at a high rate of speed. The officer turned his patrol car around and pursued the vehicle to a nearby residence, where he observed defendant walking around the car. Defendant denied that he had been driving the car, but he was eventually arrested and processed for DWI. At the police station, he agreed to take a breath test, which revealed an

alcohol concentration of .139. In response to the DWI criminal charge filed against him, defendant submitted affidavits stating that he was not the driver on the night in question. Based on these affidavits and the fact that the arresting officer had been unable to actually see who was operating the vehicle, the district court found that the State had not proven that defendant was the operator that night; accordingly, the criminal charge was dismissed.

At the continued final suspension hearing, the court found once again that the State had failed to prove operation, even by a preponderance-of-the-evidence standard. The court rejected the State's argument that the relevant statute required the State to prove only that the arresting officer reasonably believed that defendant was operating the vehicle at the time alleged. On appeal, the State reiterates its argument that it needed to prove only that the officer had reasonable grounds to believe that defendant was operating the vehicle at the time in question.

Under 23 V.S.A. § 1205(h), the issues at a final civil suspension hearing are limited to:

(1) whether the law enforcement *officer had reasonable grounds to believe the person was operating*, attempting to operate or in actual physical control of a vehicle in violation of section 1201 of this title;

(2) whether at the time of the request for the evidentiary test the officer informed the person of the person's rights and the consequences of taking and refusing the test substantially as set out in subsection 1202(d) of this title;

(3) whether the person refused to permit the test;

(4) whether the test was taken and the test results indicated that the person's alcohol concentration was 0.08 or more *at the time of operating*, attempting to operate or being in actual physical control of a vehicle in violation of section 1201 of this title, whether the testing methods used were valid and reliable and whether the test results were accurate and accurately evaluated. . . .

(5) whether the requirements of section 1202 of this title were complied with.

(Emphasis added.) The district court is required to suspend a person's license upon finding either that (1) the law enforcement officer had reasonable grounds to believe the person was operating a vehicle while intoxicated, but the person refused to submit to a test, or (2) the officer had reasonable grounds to believe the person was operating a vehicle while intoxicated, the person submitted to a test, and the test result indicated that the person's alcohol concentration exceeded the statutory limit "at the time the person was operating" the vehicle. 23 V.S.A. § 1205(i).

This Court has already held under a similarly worded predecessor statute that, in cases where the defendant refused to submit to a test, the trial court is not required to find that the defendant was operating the vehicle, but rather only that "the officer had reasonable grounds to believe there was operation or control." *Shaw v. Vermont District Court*, 152 Vt. 1, 4, 563 A.2d 636, 638 (1989). In the State's view, there is no separate statutory element of operation contained in § 1205(h), and thus the holding in *Shaw* should apply equally to cases in which the defendant submitted to a test.

We find the State's argument unpersuasive. The only plausible interpretation of § 1205(h)(1) is that the officer must have a reasonable basis for requesting that a motorist take a test. If the person refuses to take the test, it is the *refusal* itself, not

operation while intoxicated, that is the basis for any license suspension. Because license suspension may follow from a refusal to take a test, the Legislature has elected to protect motorists from capricious or unreasonable demands that they submit to a test by requiring "that it be adjudicatively determined whether or not the belief of the officer, from which the request to test is generated, is a reasonable one." *State v. District Court,* 129 Vt. 212, 214, 274 A.2d 685, 686 (1971).

This does not mean, however, that, in the event the motorist does submit to a test, the State need not demonstrate that the motorist was operating a vehicle at the time alleged. When a motorist takes a test that reveals an alcohol concentration above the legal limit, the ensuing license suspension is for "operating, attempting to operate or being in actual physical control" of a vehicle while intoxicated or with an alcohol concentration exceeding the legal limit. 23 V.S.A. §§ 1205(h)(4), 1205(i). Because the basis of the suspension is not the refusal, the State cannot prevail merely by showing that there was a reasonable basis for the officer to ask the person to take the test. Indeed, accepting the State's position would raise substantial due process concerns. Cf. *LaFaso v. Patrissi,* 161 Vt. 46, 51, 633 A.2d 695, 698 (1993).

*Affirmed.*