## STATE of Vermont v. Kirt D. WESTCOM

[795 A.2d 1146]

No. 01-075

January 24, 2002. Defendant Kirt Westcom appeals from the suspension of his license in a civil proceeding in Franklin District Court. Defendant argues that the district court erred in ruling that the State did not need to prove he was operating the vehicle at the time he was arrested for driving while intoxicated (DWI). We affirm because defendant refused to submit to a breath test.

On November 18, 2000, a Vermont State Police officer arrived at the scene of a one car accident in Enosburg, Vermont. He observed defendant walking around the car, which had gone off the road. When asked by the officer, defendant stated that he was the owner of the vehicle, but not its operator, and refused to offer the name of the operator. The officer noted a strong odor of intoxicants and administered field sobriety tests. Based in part on those observations, the officer requested that defendant submit to a breath test. Defendant declined and was processed for DWI. The State sought to suspend defendant's license pursuant to 23 V.S.A. § 1205 at a hearing held on January 29, 2001. At the hearing, the court concluded that the officer was reasonable in his belief that defendant was the operator of the vehicle and therefore suspended defendant's license.

On appeal, defendant contends that nonoperation is a valid defense to a civil suspension hearing and that the State did not offer any evidence that defendant was the operator of the vehicle. Under 23 V.S.A. § 1205(h), the issues at a final civil suspension hearing are limited to:

(1) whether the law enforcement *officer had reasonable grounds to believe the person was operating*, attempting to operate or in actual physical control of a vehicle in violation of section 1201 of this title;

(2) whether at the time of the request for the evidentiary test the officer informed the person of the person's rights and the consequences of taking and refusing the test substantially as set out in subsection 1202(d) of this title;

(3) whether the person refused to permit the test;

(4) whether the test was taken and the test results indicated that the person's alcohol concentration was 0.08 or more *at the time of operating*, attempting to operate or being in actual physical control of a vehicle in violation of section 1201 of this title, whether the testing methods used were valid and reliable and whether the test results were accurate and accurately evaluated. . . .

(5) whether the requirements of section 1202 of this title were complied with.

(Emphasis added.) The district court is required to suspend a person's license upon finding either that (1) the law enforcement officer had reasonable grounds to believe the person was operating a vehicle while intoxicated, but the person refused to submit to a test, or (2) the officer had reasonable grounds to believe the person was operating a

vehicle while intoxicated, the person submitted to a test, and the test result indicated that the person's alcohol concentration exceeded the statutory limit "at the time the person was operating" the vehicle. 23 V.S.A. § 1205(i).

We recently confronted the second of these grounds for suspension in *State v. Green*, 173 Vt. 540, 541, 790 A.2d 426, 427 (2001) (mem.). In that case, we held that the State *did* have to prove operation when the defendant submitted to a breath test after being stopped for DWI. We stated, however, that "[i]f the person refuses to take the test, it is the *refusal* itself, not operation while intoxicated, that is the basis for any license suspension." *Id.* at 541-42, 790 A.2d at 428. This case presents precisely this scenario, and thus the only issue for the district court to determine was "whether or not the belief of the officer, from which the request for a test is generated, is a reasonable one." *State v. District Court*, 129 Vt. 212, 214, 274 A.2d 685, 686 (1971). Because defendant refused to submit to a breath test, the State does not need to prove he was the operator of the vehicle. Therefore, the court's determination, based on the officer's affidavits, that the officer was reasonable in his belief that defendant was the operator of the vehicle was sufficient to justify the suspension.

*Affirmed.*