*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2014-064

JULY TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| John Swan | } | DOCKET NO. 85-11-13 Bncs |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Defendant appeals the superior court's decision upholding the civil suspension of his driver's license under 23 V.S.A. § 1205 for driving while intoxicated.  We affirm.

Defendant was stopped for erratic operation of a utility van occupied by himself and another person.  Following the stop, police officers observed from their initial contact with defendant a moderate odor of alcohol, bloodshot and watery eyes, and mumbled speech.  Defendant claimed that he had not been operating the van, and he refused to take an evidentiary breath test after speaking to counsel.  As a result, defendant was notified of the civil suspension of his license based on his refusal to take an evidentiary test, and he requested a hearing.

At the hearing, defendant contended that he was not operating the van when police stopped it.  The court admitted most of defendant's evidence subject to the State's objection that he had failed to provide the State within seven days of the hearing a list of the issues he intended to raise at the hearing, as required by 23 V.S.A. § 1205(h)(2).  The court, however, refused to admit an affidavit of the other person who was in the van because it was not one of the types allowed by 23 V.S.A. § 1205(j) (allowing affidavits of law enforcement officers, chemists, or expert witnesses).  Following the hearing, the court upheld the suspension of defendant's driver's license, concluding that: (1) the State was entitled to judgment based on defendant's failure to timely provide the State with a list of issues he intended to raise at the hearing; and (2) even considering defendant's evidence, the State carried its burden of proving that the police had reasonable grounds to believe that defendant was operating a vehicle while impaired.

On appeal, defendant insists that he was not driving the van and that the police were lying when they said he was.  As the trial court stated, in a case involving civil suspension of a driver's license based on the defendant's refusal to take an evidentiary test, the State need not prove that the defendant operated the vehicle, but rather only that the police officer who stopped the vehicle had a reasonable belief that the defendant was operating or in control of the vehicle.  See State v. Green, 173 Vt. 540, 541 (2001); Shaw v. Vt. Dist. Court, 152 Vt. 1, 4 (1989).  This is so because when "the person refuses to take the test, it is the <u>refusal</u> itself, not operation while intoxicated, that is the basis for any license suspension."  Green, 173 Vt. at 541-42.  The State, though, must

still prove the officer's reasonable belief of illegal operation "to protect motorists from capricious or unreasonable demands that they submit to a test." Id. at 542.

In this case, as the trial court found, the evidence demonstrated a reasonable belief by the officers that defendant was operating the van. Shortly before the stop, the officers observed the other person sitting in the van facing the opposite direction of travel. When the officers approached the van, defendant was standing behind the driver's seat in a position to which he could easily have moved once the vehicle had stopped. At the scene, the other person initially claimed that she had been driving but then denied operating the van when confronted with the officers' observations that she had been sitting facing the opposite direction of travel. Accordingly, even taking into consideration defendant's evidence, the State demonstrated that the officers had a reasonable belief that defendant was operating the van.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

2