*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-179

DECEMBER TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Brian W. Kendall | } | DOCKET NO. 149-9-15 Rdcs |

Trial Judge: Thomas A. Zonay

In the above-entitled cause, the Clerk will enter:

Defendant appeals the civil suspension of his driver's license, arguing that the State failed to prove that he was operating his truck while intoxicated. We affirm.

At approximately 12:15 a.m. on September 21, 2015, a Rutland police officer was dispatched to a courthouse parking lot in downtown Rutland after an unidentified female called the police and reported that an intoxicated underage male was in his vehicle. According to the officer's affidavit, the caller reported "that they tried to take the vehicle keys away but the vehicle starts without keys." The officer also indicated in his affidavit that when he arrived at the scene, he observed a male in the driver's seat of a truck with the headlights illuminated. The officer stated that the engine was running, but defendant's girlfriend—who was also at the scene and the only witness at the civil suspension hearing—testified that the engine was not running and that she had control of the keys to the truck at all times. After observing that defendant exhibited several indicia of intoxication—a strong odor of alcohol emitting from his breath, watery and bloodshot eyes, and slurred speech—the officer had defendant exit the truck and perform field dexterity exercises. Based on the indicia of intoxication and defendant's performance of the exercises, the officer arrested defendant for driving while intoxicated (DWI) and transported him to the police barracks, where at 1:33 a.m. he submitted to an evidentiary breath test that revealed a blood-alcohol concentration (BAC) of 0.133. A second evidentiary test administered nine minutes later revealed a BAC of 0.132. Defendant was charged with operating or being in actual physical control of a motor vehicle with a BAC of 0.08 or more. See 23 V.S.A. § 1201(a)(1).

As noted, defendant's girlfriend was the only witness who testified at the license suspension hearing. Among other things, she testified that defendant arrived at a Rutland nightclub shortly after 10:00 p.m. on the evening of September 20, 2015 to pick her up. According to the girlfriend, they argued over whether he should drive because of her concern that he was intoxicated. She testified that defendant left the nightclub and shortly thereafter she joined him at the courthouse parking lot, where she attempted to convince him not to drive. She further testified that she took defendant's keys, walked to her grandmother's house, got a car, and returned to the courthouse parking lot, at which point the police arrived. The State presented no witnesses but

relied on the officer's DUI affidavit along with his accompanying narrative affidavit, in which the officer stated, among other things, that defendant indicated he had driven from Ludlow and arrived in Rutland about twenty-five minutes before police confronted him at the courthouse parking lot.

Defendant argued at the hearing that the State failed to prove that the officer had a reasonable basis for concluding that he was in actual physical control of his truck, given his girlfriend's testimony that the engine was not running and that she had control of the keys. He also argued that the State failed to provide relation-back evidence to establish his BAC at the time of operation. The trial court found that defendant consumed alcohol prior to driving to Rutland, drove from Ludlow to Rutland and arrived at the courthouse parking lot around 11:50 p.m., approximately 25 minutes before the Rutland police officer arrived. On the basis of these findings, and defendant's BAC test of .133 at 1:33 a.m., the trial court concluded that defendant operated the vehicle within two hours of the BAC test that was above 0.08. Accordingly, the court concluded that the statutory presumption of 23 V.S.A. § 1205(n) applied.[1]

On appeal, defendant argues that the State failed to prove that defendant had operated the vehicle while intoxicated. He further argues that the State did not prove that he drove within two hours of the BAC test, so the State is not entitled to the statutory presumption that he was intoxicated while driving. At their core, both arguments rely on defendant's claim that the trial court should have credited defendant's girlfriend's testimony rather than the affidavit of the officer on the scene and the statements attributed to defendant reflected in that affidavit.

On the first issue, in their briefs, the parties focus primarily on whether there was sufficient evidence to show that defendant was in actual physical control of his vehicle at the time the officer arrived at the courthouse parking lot shortly after midnight. They debate whether sitting behind the wheel in the driver's seat with the headlights on is actual physical control. But the trial court's finding that defendant operated the vehicle at 11:50 p.m. was not based on the view that his sitting in the driver's seat with the headlights on constituted operation. Instead, the court found, based on the State's affidavit from the officer on the scene, that defendant informed the officer at the

---

[1] The trial court also found that the officer had reasonable grounds to believe that defendant was operating, attempting to operate, or in actual physical control of his vehicle while intoxicated. In the circumstances of this case, whether the officer had "reasonable grounds" to request the evidentiary test is not conclusive of any contested legal issue. When the basis of a civil license suspension is a BAC over the legal limit rather than refusal to take an evidentiary test, "the State must prove by a preponderance of the evidence that the defendant was operating a vehicle, rather than showing merely that the arresting officer had reasonable grounds to believe that the defendant was operating the vehicle." State v. Green, 173 Vt. 540, 540 (2001) (mem.) (affirming trial court ruling); see also State v. Westcom, 173 Vt. 561, 562 (2002) (mem.) (noting Green holding but applying reasonable-grounds-by-officer standard because civil license suspension was based on refusal to take breath test). The reasonable-grounds standard is similar to the probable-cause standard for issuance of a search warrant, and thus lower than the preponderance-of-the-evidence standard applicable to determining whether a defendant operated or was in actual physical control of a vehicle. See Shaw v. Vt. Dist. Court, 152 Vt. 1, 5-6 (1989) (comparing two standards); see also State v. Melchior, 172 Vt. 248, 251 (2001) (stating that standard for finding probable cause that evidence of crime will be found in place to be searched "requires something less than the more-likely-than-not standard"). We do not understand the trial court's superfluous discussion of whether the officer had "reasonable grounds" to believe defendant had operated the vehicle while intoxicated to negate the court's own finding that defendant drove the vehicle until around 11:50 p.m.

courthouse parking lot that he had driven his truck from Ludlow to Rutland, arriving twenty-five minutes earlier, and that he had had his last drink at 9:30 or 10:00 that evening.[2] Thus, as the trial court found, defendant's own statement, as reported in the officer's affidavit, indicates that defendant was operating his vehicle at approximately 11:50 p.m., twenty-five minutes before the officer arrived at 12:15 a.m. and within two hours of his producing a breath test with a BAC above the legal limit.

The testimony of the only defense witness—defendant's girlfriend—concerning the timeline for defendant operating his vehicle, does not persuade us otherwise. The trial court explicitly found that her testimony on this point was not credible. Hence, we find unavailing defendant's argument that his girlfriend's testimony is more reliable than the officer's averred statements as to what defendant told him. See Prior v. Bean, 2003 VT 79, ¶ 17, 176 Vt. 1 ("As the trier of fact, it [is] the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence." (quotation omitted)); State v. Freeman, 2004 VT 56, ¶ 7, 177 Vt. 478 ("Recognizing that the trial court is in a better position to determine the weight and sufficiency of the evidence presented, this Court applies a clearly erroneous standard to the trial court's finding of historical facts.").

We also reject defendant's second argument that the State was required to produce relation-back evidence because he rebutted the presumption contained in § 1205(n). That section provides that if a person has a BAC above the legal limit within two hours of operation, it will be presumed that the person's BAC was above the legal limit at the time of operation. Defendant has the burden of providing evidence to rebut the presumption. State v. Pluta, 157 Vt. 451, 453-54 (1991). "[T]o rebut the presumption in § 1205(n), a defendant must only produce evidence sufficient to support a finding that his BAC was under 0.08% at the time of operation." State v. Giard, 2005 VT 43, ¶ 9, 178 Vt. 544 (mem.) (quotation omitted). Defendant's argument that the presumption does not apply again rests on his argument that the court should have credited his girlfriend's testimony as to the timeline of defendant's driving. As noted, the trial court rejected as not credible the testimony of defendant's girlfriend concerning the timeline of defendant's operation of his vehicle, which conflicted with defendant's own statement to the officer as to when he last operated the truck. Indeed, at the civil suspension hearing, defendant's counsel conceded that if the court found

---

[2] The officer indicated in the DUI affidavit that defendant answered "I'd say 9:30" to the question, "How long ago did you stop drinking?," but stated in his attached narrative affidavit that defendant said "10 o'clock" when asked when he had his last drink. Defendant argues that this discrepancy demonstrates that the affidavits are not reliable. We disagree. The discrepancy may have resulted from defendant's varying statements or from the officer's failure to recollect the exact time stated by defendant, but either way, the unchallenged evidence was that defendant stopped drinking between 9:30 and 10:00 that evening. Because the State relies on the statutory presumption that defendant was intoxicated, and there is no evidence of any post-operation drinking, whether defendant's last drink was a 9:30 or 10:00 is immaterial.

that defendant operated his vehicle at the time as reported in the officer's affidavit, he could not rebut the § 1205(n) presumption.

      Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice