### State of Vermont v. Peter Paul Laplaca

[ 224 A.2d 911 ]

October Term, 1966

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 6, 1966

172

*Theodore Corsones* for petitioner.

*Robert E. West,* State's Attorney, for the State.

**Smith, J.** Respondent seeks a Writ of Certiorari to the Rutland District Court asking to have reviewed the proceeding of said District Court pertaining to the suspension of respondent's license to operate a motor vehicle, under the provisions of 23 V.S.A. §1191, and asking this Court to declare that the suspension of his driving license by the District Court was illegal and void. The State has filed a motion to quash the petition on grounds that other means of review of the questions sought to be presented here are available to the respondent, and, admitting the facts presented in the Writ to be true, that they do not present substantial questions of law for the determination of this Court.

On June 22, 1966, the respondent, while operating a motor vehicle, was involved in an accident in Fair Haven, Vermont. He was arrested for public intoxication by the Fair Haven police and was

requested to submit to a chemical test to determine the alcoholic content of his blood, as provided by 23 V.S.A. §1188. The respondent refused to submit to any test until he had first consulted an attorney. He continued in his refusal to submit to such test at the Vermont State Police Barracks in Rutland where he was taken, and was committed to the Rutland County Jail on the public intoxication warrant.

On June 23, 1966, he pleaded not guilty to the charge of public intoxication, and at the time of the arraignment, pleaded not guilty to a new information issued on that day by the State's Attorney accusing the respondent of driving a motor vehicle along the public highway while under the influence of intoxicating liquor on June 22, 1966.

The significant fact in a consideration of the questions sought to be presented here is that all times when the respondent was requested to take the chemical test under the provisions of 23 V.S.A. §1188, he was under arrest only on the charge of public intoxication. He was never requested to take a test after his arrest on the charge of driving while intoxicated.

23 V.S.A. §1188 reads:

"Any person who operates or attempts to operate a motor vehicle upon a public highway in this state is deemed to have given his consent to submit to a chemical test of his blood or such other test as herein provided, for the purpose of determining the alcoholic content of his blood whenever he is arrested or otherwise taken into custody for any offense involving his operation of a motor vehicle while under the influence of intoxicating liquor or drugs, and the arresting officer has reasonable grounds to believe that the person was operating the motor vehicle under the influence of intoxicating liquor or drugs."

If a person "so arrrested" refuses to submit to the test, he is then subject to the proceeding set forth in 23 V.S.A. §1191:

"If the person so arrested refuses, on request, to submit to the test, it shall not be given. If such person is charged with a violation of the motor vehicle laws upon arraignment enters a plea of not guilty, the court, at such arraignment, shall hold a summary hearing, take evidence relating to the reasonableness of the respondent's refusal to submit to a test. Upon a finding by the court that the arresting officer had sufficient reason to believe that the respon-

dent was so operating and that the respondent unreasonably refused to submit to a test, such respondent's operator's license or non-resident operating privilege or the privilege of an unlicensed operator to operate a motor vehicle shall be suspended for a period of six months and the respondent shall deliver his operator's license, if any, to the court and the court shall forward it forthwith to the Commissioner of Motor Vehicles."

■ We first consider the motion to quash made by the State to determine if a Writ of Certiorari can issue in the instant case under the admitted facts. "The writ issues only when there is no other adequate remedy at law, and brings up for review only substantial questions of law affecting the merits of the case involved in the proceedings below." *In re Taconic Racing and Breeding Association,* 125 Vt. 76, 77-78, 209 A.2d 492, 493, and cases cited thereunder.

■■ It cannot be doubted that the respondent has no other adequate remedy at law to review the proceedings below under the provisions of 23 V.S.A. §1188 and §1191. The right of review in this Court, which the respondent seeks, is not provided by statute, and without such authority this Court has no jurisdiction to entertain an appeal. *State* v. *Muzzy,* 124 Vt. 222, 224-225, 202 A.2d 267. We next consider whether there is a substantial question of law affecting the merits of the case involved in the proceedings below.

■ Such a question is presented, we believe, by the facts presented and the wording of the statutes involved. The record makes evident that the respondent refused to submit to the test while under arrest only for public intoxication, and not while under arrest for any violation of the law involving operating a vehicle while under the influence of intoxicating liquor or drugs. The question of law presented is whether the Rutland Municipal Court exceeded its jurisdiction in conducting the summary hearing and suspending the operator's license of the respondent under the admitted facts and the applicable statutes. The State's motion to quash is dismissed.

The jurisdiction of the Municipal Court to hold the summary hearing provided for in 23 V.S.A. §1191 extends only to persons "so arrested" under 23 V.S.A. §1188, and who refuse the test. The arrest, or otherwise taking into custody, provided for in 23 V.S.A. §1188, is "for any offense involving his operation of a motor vehicle while under the influence of intoxicating liquor." The offense referred to

is set forth in 23 V.S.A. §1183, entitled "Operating under influence of intoxicating liquor or drugs":

"A person shall not operate or attempt to operate a motor vehicle while under the influence of intoxicating liquor or drugs. On a first conviction, a person who violates a provision of this section shall be fined not less than $50.00 nor more than $500.00 or imprisoned not more than two years or both. On each subsequent conviction, such person shall be imprisoned not less than two months nor more than two years, and fined not more than $500.00."

As was stated in *State* v. *Ball,* 123 Vt. 26, 27, 179 A.2d 466, statutory sections 23 V.S.A. §§1188-94 were all passed in a single enactment as No. 212 of the Acts of 1959.

"In substance, they provide that upon arrest of a person for an offense involving the operation of a motor vehicle while under the influence of intoxicating liquor or drugs, he thereupon is presumed to have consented to being tested to determine the alcoholic content of his blood, by either blood, urine or breath sample analysis, at his option."

The opinion then goes on to point out:

"When the statutory prerequisites have been complied with, a driver may refuse to take all tests only at the risk of having his right to operate a motor vehicle suspended for six months, if the arresting officer's belief as to his intoxicated condition had reasonable basis."

In the instant case, the respondent was not under arrest for a violation of 23 V.S.A. §1188, nor was he otherwise in custody for any violation of the motor vehicle law involving operating a motor vehicle while under the influence of intoxicating liquor or drugs at the time he was requested to submit to the various tests. The statutory prerequisites had not been complied with to make his refusal to take such test subject to the risk of losing his right to operate a motor vehicle under 23 V.S.A. §§1188 and 1191. He was under arrest only for intoxication (7 V.S.A. §562) but not for operating a motor vehicle while under the influence of intoxicating liquor, and he was not subject to the summary hearing and possible suspension of his driving privileges under 23 V.S.A. §1193.

■ The Rutland Municipal Court was without jurisdiction to conduct the summary hearing under 23 V.S.A. §1191, and its order of suspension was without force and effect. The judicial act of the Rutland Municipal Court conducting such hearing and ordering the suspension of the operator's license of the respondent is not reviewable by other means.

"The office of the writ of certiorari is to provide for a review of the judicial action of inferior courts, special tribunals, public officers and bodies exercising judicial functions in those instances where no other means of review is provided." *Burton* v. *Selectmen,* 124 Vt. 502, 504, 208 A.2d 318.

■ The respondent has also presented several constitutional questions in his petition which he alleges justifies the issuance of the writ. Our rule is that we do not consider constitutional matters unless such consideration is necessary for the determination of the matter before the Court.

*The order of the Court is "Petition sustained, and the order of the Rutland District Court directing respondent to surrender his operator's license to that Court for a period of six months is vacated."*