### Willard Rhodes v. Town of Woodstock

[318 A.2d 170]

No. 135-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 2, 1974

*Black & Plante,* White River Junction, for Plaintiff.

*Thomas P. Wright, Esq.,* Woodstock, for Defendant.

**Daley, J.** This is a petition for extraordinary relief, in the nature of a petition for a writ of *certiorari,* by which the petitioner seeks review of the action of the Woodstock Zoning Board of Adjustment.

In June, 1970, the petitioner filed an application with the Woodstock Zoning Board of Adjustment seeking a special exception to permit construction of a small shopping center. The application was denied, and petitioner appealed the Board's decision to the Windsor County Court. The Court remanded the matter for a new hearing and ordered the Board to provide an adequate transcript for appellate review. In compliance with the Court's instructions, a public hearing was held in Woodstock on May 24, 1971. In June, 1971, the Zoning Board of Adjustment again denied the application, and petitioner took a second appeal to the Windsor County Court. The appeal was denied and petitioner then appealed to this Court. See *In re Rhodes,* 131 Vt. 308, 305 A.2d 591 (1973). That appeal was dismissed upon motion of the defendant, this Court holding that it was without jurisdiction to hear the appeal as under the terms of 24 V.S.A. § 4472(a) final appellate review in zoning matters is in the county court. By his Petition for Extraordinary Relief petitioner now seeks review, in an original action, of the proceedings before the Zoning Board of Adjustment.

*Certiorari* is a writ issued by a superior to an inferior court of record, or to some other tribunal or officer exercising a judicial function, *Davidson* v. *Whitehill,* 87 Vt. 499, 89 A. 1081 (1913), directing the certification of the record and proceedings in order that the record may be revised and corrected in matters of law. *Rutter* v. *Burke,* 89 Vt. 14, 93 A. 842 (1914). It is an extraordinary remedy and one of limited scope and function. It issues only in those cases in which compelling public necessity or other unusual circumstances

make ordinary modes of proceeding inadequate, and the review thus occasioned is limited to keeping the inferior tribunal within the limits of its jurisdiction and insuring that that jurisdiction is exercised with regularity. *Royalton College* v. *Board of Education*, 127 Vt. 436, 251 A.2d 498 (1968); *Davidson* v. *Whitehill, supra*, 87 Vt. at 509. The availability of the writ is also limited in that the writ will issue only when there is no other adequate remedy at law, and no other means of review is available. *In re Petition of Essex*, 125 Vt. 170, 212 A.2d 623 (1965).

■ Review by *certiorari*, then, is not the same as review by appeal, *State* v. *District Court*, 129 Vt. 212, 274 A.2d 685 (1971), and it may not be used as a substitute for an appeal to correct mere errors in the exercise of a lawful jurisdiction.

■ We are concerned here with proceedings before the Zoning Board of Adjustment. There is considerable case law in this and other jurisdictions to the effect that the actions of inferior officers, boards, and tribunals may be reviewed by writ of *certiorari*. *Davidson* v. *Whitehill, supra; State* v. *Laplaca*, 126 Vt. 171, 224 A.2d 911 (1966); 14 Am.Jur.2d *Certiorari* § 22 and cases cited therein. That rule, however, is subject to two limitations. The first is that the action taken must be judicial or quasi-judicial in nature: in no case will the writ extend to ministerial, legislative, or executive acts. *Davidson* v. *Whitehill, supra*, 87 Vt. at 505. The second limitation is that the action taken must not be subject to review by other means. *Sowles* v. *Bailey*, 69 Vt. 277, 37 A. 751 (1897).

■ Proceedings before the Zoning Board of Adjustment may be reviewed in the county court. 24 V.S.A. § 4472. The county court sits as an appellate court in such matters, 24 V.S.A. § 4472; *In re Rhodes*, 131 Vt. 308, 305 A.2d 591 (1973), and exercises rights and responsibilities similar to those exercised by this Court. Any issue normally within the bounds of appellate jurisdiction may be raised before the county court, including those of constitutional proportion. Review in the county court is both an available and an adequate remedy in zoning matters. As such, it is a bar to the issuance of the writ to review proceedings before the Zoning Board of Adjustment. *Sowles* v. *Bailey, supra; Petition of Lafreniere*, 126 Vt. 204, 227 A.2d 301 (1967).

By his petition for extraordinary relief, petitioner seeks review of issues that could have been raised and ruled upon in the county court. Indeed, it appears that most, if not all of the issues raised by the petition, were argued by the petitioner in his appeal to the Windsor County Court in January, 1973. It is important to note that it is the inadequacy, not the mere absence, of all other legal remedies that determines the propriety of *certiorari*. See 14 Am.Jur.2d *Certiorari* § 12. Only in rare cases of unusual hardship, where there is a danger of the failure of justice without the writ, may *certiorari* issue to supplement the method of review expressly provided by statute. There may be some cases, then, where the writ will issue to review the actions of the county court in zoning matters. But, where the writ is sought on the action or judgment of an appellate court, the writ brings up for review merely the judgment on appeal, and not the proceedings of the tribunal from which the appeal was taken. See 14 C.J.S. *Certiorari* § 152. Moreover, where, as here, a statutory policy exists against review of a particular judgment, 24 V.S.A. § 4472; *In re Rhodes, supra,* review by *certiorari* is strictly limited to questions of jurisdiction and the regularity of the proceedings. 14 Am.Jur.2d *Certiorari* § 10; 14 C.J.S. *Certiorari* § 37; Annot., 174 A.L.R. 195 (1948).

If the petitioner seeks review of some claimed irregularity in the proceedings before the county court, then the present petition, being directed solely at the Zoning Board of Adjustment, is inadequate for such purpose and the Motion to Dismiss should be granted. As a matter of discretion, however, we will allow the petitioner, if he is so advised, to amend his petition in accordance with the views expressed in this opinion. If amendment is not made within sixty days, the Motion to Dismiss shall be granted.

*Leave granted to petitioner to amend his petition as he may be so advised within a period of sixty days. If amendment is not made within sixty days, the Motion to Dismiss is granted.*