*Cochran v. Rowe*, No. 339-6-14 Wncv (Teachout, J., August 11, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 339-6-14 Wncv** |

**TRAVIS COCHRAN**
      **Plaintiff**

      **v.**

**TERRY ROWE, in his capacity as Director of
the Commissioner's Registry Review Unit**
      **Defendant**

## DECISION
## State's Motion to Dismiss

Plaintiff Travis Cochran was placed on Vermont's Child Protection Registry following the substantiation of an incident of abuse that occurred when he was fourteen years old. Seventeen years later, in 2013, with no subsequent incidents or allegations of abuse, he sought expungement from the Registry pro se. Expungement is available to those who are believed to no longer present an abuse risk. Mr. Cochran alleges that when he appeared for expungement review, the reviewer spontaneously invited him to *also* challenge his 17-year-old substantiation with no prior notice that the substantiation might then be at issue. Without any fair chance for reflection, he assented and was immediately thrust into the position of both denying that the 17-year old events had occurred as they had been alleged and trying to establish that, regardless of the substantiation, he should be removed from the registry because he presents no abuse risk now. The reviewer denied the challenge to the substantiation and, in significant part, denied expungement because Mr. Cochran continued to deny the abuse incident. The reviewer's single written decision is dated November 18, 2013.

Mr. Cochran, now represented by counsel, filed this Rule 75 action in June 2014. He objects that substantiation review and expungement are supposed to be separate processes and combining them—especially without fair notice—created a paradoxical situation that was highly likely to make the denial of expungement a foregone conclusion. He asks the court to vacate the substantiation review and expungement decision so he can have a fair shot at either or both processes and filed a summary judgment motion to that effect.

The State responded to Mr. Cochran's summary judgment motion with a motion to dismiss on subject matter jurisdiction grounds and a motion to stay consideration of summary judgment pending resolution of the motion to dismiss. The court granted the motion to stay.

*The available administrative and appellate processes*

There are two avenues for administrative relief following the substantiation of a report of abuse. First, one may seek review of the substantiation itself. 33 V.S.A. § 4916a(c)–(e). Such a

petitioner is entitled to a "review conference" before "a neutral and independent arbiter who has no prior involvement in the original investigation of the allegation." *Id*. § 4916a(d), (f). The burden of proof is on the Department. *Id*. § 4916a(e). Obviously to avoid unfair surprise, the legislature has required the Department to provide notice to such a petitioner as follows:

> At least 10 days prior to the administrative review conference, the Department shall provide to the person requesting review a copy of the redacted investigation file, notice of time and place of the conference, and conference procedures, including information that may be submitted and mechanisms for providing testimony.

*Id*. § 4916a(d). The goal of the process contemplated by statute is to produce "the most accurate decision regarding the allegation." *Id*. § 4916a(e).

Expungement is an entirely separate process with a completely different purpose. 33 V.S.A. § 4916c. At an expungement review, the petitioner has "the burden of proving that a reasonable person would believe that he or she no longer presents a risk to the safety or well-being of children." *Id*. § 4916c(b). By definition, expungement review is a forward-looking process that presumes that the underlying events that led to placement on the registry occurred. Review is before the Commissioner or a designee. *Id*.

In either event, an aggrieved petitioner may seek review before the Human Services Board. 33 V.S.A. § 4916b (substantiation review appeal); § 4916c(e) (expungement appeal). On substantiation review appeal, the Board holds a fair hearing pursuant to 3 V.S.A. § 3091. 33 V.S.A. § 4916b(a). Review is de novo. *In re R.H.*, 2010 VT 95, ¶ 17, 189 Vt. 15. A petitioner who remains aggrieved by the Board's decision may appeal directly to the Supreme Court. 3 V.S.A. § 3091(f).

An expungement appeal proceeds as follows:

> The person shall be prohibited from challenging his or her substantiation at such hearing, and the sole issue before the Board shall be whether the Commissioner abused his or her discretion in denial of the petition for expungement. The hearing shall be on the record below, and determinations of credibility of witnesses made by the Commissioner shall be given deference by the Board.

33 V.S.A. § 4916c(e). There is no statutory right to review, which means that further review is available only to the extent that it may be available in the Superior Court pursuant to Rule 75.

*The State's position*

The State's position is understandable. Both substantiation review and expungement were decided against Mr. Cochran in one written decision. Mr. Cochran did not seek administrative review of either decision. Had he sought review of the substantiation decision, he could have sought further review in the Supreme Court. No appellate review in the Superior Court is contemplated by statute. Had he sought administrative review of the expungement

2

decision, he could have sought Rule 75 (certiorari) review in the Superior Court. So, reasons the State, there can never be any subject matter jurisdiction in this court with regard to substantiation, and in this case there is no subject matter jurisdiction over expungement because Mr. Cochran never sought administrative review by the Human Services Board of the initial denial of expungement.

*Analysis*

The court is persuaded that the statutory processes for substantiation review and expungement are intrinsically antagonistic with each other and were made separate by the legislature for that reason. The burden of proof falls to the State on substantiation and to the petitioner on expungement. The types of administrative review from the resulting decisions are completely different. Appellate review of the substantiation decision is available in the Supreme Court. Appellate review of the expungement decision is not available at all—only Rule 75 review in the Superior Court is. Substantively, the allegation in this case is that Mr. Cochran, who had only sought expungement, was seduced into dooming any chance he might have had at expungement by agreeing, without fair notice, to challenge the 17-year-old substantiation in one combined proceeding before the same decision-maker. The reviewer's decision is crystal clear that Mr. Cochran's denial of the events underlying the substantiation was used in large part as the reason to reject expungement. As far as the allegations go, this appears to have become the prejudicial self-fulfilling prophesy that the separation of these processes was intended to avoid.

Mr. Cochran does not seek appellate review of either administrative decision. If he had, the court would agree with the State that it lacks subject matter jurisdiction. "'Subject matter jurisdiction' refers to the power of a court to hear and determine a general class or category of cases." *Lamell Lumber Corp. v. Newstress Int'l, Inc.*, 2007 VT 83, ¶ 6, 182 Vt. 282. The statutory scheme does not envision appellate review in the Superior Court.

Mr. Cochran seeks Rule 75 review. The administrative processes were quasi-judicial in nature. Mr. Cochran's request is thus properly viewed as seeking relief in the nature of certiorari. The State argues that the court lacks subject matter jurisdiction for certiorari review in this case because Mr. Cochran had the opportunity for more administrative review and missed it and the available appellate review of the substantiation decision does not lead to this court. Typically, certiorari review is not available where other legal remedies exist.

The State's view of the court's subject matter jurisdiction over certiorari is too narrow, however. As the Vermont Supreme Court has explained:

> Certiorari is a writ issued by a superior to an inferior court of record, or to some other tribunal or officer exercising a judicial function, directing the certification of the record and proceedings in order that the record may be revised and corrected in matters of law. It is an extraordinary remedy and one of limited scope and function. It issues only in those cases in which compelling public necessity or other unusual circumstances make ordinary modes of proceeding inadequate, and the review thus occasioned is limited to keeping the inferior tribunal within the limits of its jurisdiction and insuring that that jurisdiction is

exercised with regularity. The availability of the writ is also limited in that the writ will issue only when there is no other adequate remedy at law, and no other means of review is available.

Review by certiorari, then, is not the same as review by appeal, and it may not be used as a substitute for an appeal to correct mere errors in the exercise of a lawful jurisdiction.

. . . . There is considerable case law in this and other jurisdictions to the effect that the actions of inferior officers, boards, and tribunals may be reviewed by writ of certiorari. That rule, however, is subject to two limitations. The first is that the action taken must be judicial or quasi-judicial in nature: in no case will the writ extend to ministerial, legislative, or executive acts. The second limitation is that the action taken must not be subject to review by other means.

.    .    .

. . . . It is important to note that it is the inadequacy, not the mere absence, of all other legal remedies that determines the propriety of certiorari. Only in rare cases of unusual hardship, where there is danger of the failure of justice without the writ, may certiorari issue to supplement the method of review expressly provided by statute. There may be some cases, then, where the writ will issue to review the actions [of a lower tribunal despite the availability of an appellate process].

*Rhodes v. Town of Woodstock*, 132 Vt. 323, 324–26 (1974) (citations omitted). Regularity, as in the expression "regular process," refers to a "process that issues lawfully according to prescribed practice." Black's Law Dictionary 1222 (7th ed. 1999).

The allegation in this case is that the process undertaken was irregular in that it undermined the statutory scheme and the petitioner's rights. The State represents that as a result of legislative changes in 2007, its ordinary practice is to offer a substantiation review to persons seeking expungement and to combine the processes before a single decision-maker as it did in this case. However, the common practice does not become regular simply because it is commonplace. If it is the case that the State commonly deals with petitioners such as Mr. Cochran in the same irregular manner, the point merely emphasizes the breadth of the hardship and failure of justice that the practice causes and the public necessity for certiorari review.

The court does not lack subject matter jurisdiction over this case.

The State also argues that petitioner should not be able to pursue Rule 75 review because he failed to exhaust administrative remedies by not filing an appeal of the initial combined hearing determination to the Human Services Board. However following the reviewer's decision, petitioner, through his attorney, made a written request for an independent substantiation hearing that did not have the claimed procedural defects of the combined hearing. By letter dated May 5, 2014, Defendant denied this request. The petition for Rule 75 review in this case was filed June 4, 2015. Thus petitioner pursued a remedy at the administrative level for the claimed flawed process, and filed this case within a reasonable time after the denial.

4

In light of the reasons set forth above that support the court's exercise of jurisdiction for Rule 75 certiorari review, and given the seriousness of the claimed procedural defects and the fact that petitioner attempted to address them at the administrative level without success, dismissal for failure to exhaust administrative remedies is not warranted.

For the reasons set forth above, the Motion to Dismiss is denied.

*Procedural Issues*

On October 29, 2014, Plaintiff filed a Motion for Summary Judgment. Then on December 24, 2014, Plaintiff filed a Motion to Amend the Complaint.

On March 16, 2015, the court granted Defendant's request for a stay in filing a response to Plaintiff's Motion for Summary Judgment pending the outcome of the Motion to Dismiss.

At this point, the Plaintiff's Motion for Summary Judgment preceded the request to amend the complaint. Therefore, the court denies the Motion for Summary Judgment as moot, based on the subsequent effort to change the complaint.

The Motion to Amend is granted as the case is in an initial phase in which the issues have recently become clarified, and there appears to be no prejudice to the Defendant. A request for Rule 75 review does not require an Answer. V.R.C.P. 75.

The court establishes a new date below as a deadline for filing motions for summary judgment.

**ORDER**

For the foregoing reasons,

1. The State's Motion to Dismiss is *denied*.

2. The Plaintiff's Motion for Summary Judgment is dismissed as *moot*.

3. The Motion to Amend is *granted*.

4. The deadline for filing summary motions is September 11, 2015.

Dated at Montpelier, Vermont this _____ day of August 2015.

_____
Mary Miles Teachout
Superior Judge

5