Filed 03/04/24

VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-03676

---

**Joshua Marcell v Nicholas Deml et al**

---

# ENTRY REGARDING MOTION

Title:       Motion for Summary Judgment; Cross Motion for Summary Judgment ;  (Motion: 2; 3)
Filer:       Kassie R. Tibbott; Annemarie Manhardt
Filed Date:  December 13, 2023; January 15, 2024

The motion is GRANTED IN PART and DENIED IN PART.

This is a Rule 75 appeal seeking to set aside a disciplinary determination based on two procedural defects, namely the lack of a witness that Petitioner claims he intended to call to testify and the superintendent's failure to specifically address this issue in his decision to affirm the hearing officer.

Rule 75 appeals are not de novo appeals or direct appeals, but rather they are limited judicial reviews of a lower tribunal or an administrative decision that falls into one of three types. *Rheaume v. Pallito,* 2011 VT 72, ¶¶ 5–8. In this case, the review falls under the certiorari-type of review, which looks to the applicable law in the substantive area governing the case to define the nature of the review and right. *Mason v. Thetford School Bd.*, 142 Vt. 495, 497 (1983). It is not an appeal to correct mere errors made in the exercise of lawful jurisdiction. *Rhodes v. Town of Woodstock*, 132 Vt. 323, 325 (1974). It is limited to a review that ensures the inferior tribunal stays within the limits of its jurisdiction and that such jurisdiction is exercised with regularity. Id. These standards shape the Court's review of each of the issues raised in the parties' competing summary judgment motions.

Petitioner's motion raises two arguments under Rule 75. The first is a due process challenge. The allegation is that Petitioner wanted to have a witness at his disciplinary hearing, the Department knew of this wish, and the Department failed to provide the witness. This resulted in an alleged constitutional defect in the proceeding by failing to allow Petitioner to put on the necessary evidence and defense. The second challenge is based on administrative rules governing the grievance of

disciplinary decisions, specifically Section 410.01 that requires the superintendent to specifically address all appeal issues and respond within 30 days.

In contrast, Respondent's motion seeks affirmance of its underlying decision based on the administrative record and existence of some evidence in support of the determination that Petitioner violated the rules governing administration and consumption of medication designed to prevent diversion of such mediation to other inmates.  .

The nature of certiorari review is that each of these issues represents a separate channel that the Court must examine, and which does not preclude the other as each has its own applicable area of substantive law that governs the rights and responsibilities of the parties.

*Undisputed Facts*

Based on the parties' filings, the following facts are undisputed.  The Department of Corrections convicted Petitioner Marcell of misuse of authorized medication in violation of a prison rule, Major B-30. This rule prohibits "misuse of authorized medication, including, but not limited to, inmates transferring or selling their medication to another inmate." Department of Corrections Directive 410.01 at 19.  DOC's initial evidence consisted of an incident report by a corrections officer who witnessed the incident and accused Petitioner of improperly having some of his sublingual Medication Assisted Treatment (MAT) medication on top of his tongue.  On the Notice of Hearing Form dated July 25, 2023, Petitioner indicated his desire to call Nurse Lisa (the MAT distribution nurse) and the reporting officer as witnesses at his disciplinary hearing.

The disciplinary hearing was held on August 2, 2023.  At the start of the disciplinary hearing, the hearing officer asked Petitioner Marcell if he still wished to have the reporting officer present. Petitioner stated that he did not and waived one of the two requested witnesses.  The hearing officer acknowledged that Petitioner still requested Nurse Lisa to testify.  Petitioner explained that Nurse Lisa would testify that the medication was in Petitioner's mouth. The hearing officer told Petitioner that he was not sure if Nurse Lisa was on-site, but that he would make the attempt to summon her if the hearing reached that point.

After admission of the disciplinary report and entry of Petitioner's plea of not guilty, the hearing officer allowed Petitioner  to testify.  Petitioner stated that he had placed the medication in his mouth as directed. The hearing officer then asked Petitioner a few questions and then asked

Petitioner if there was anything else he would like to add. Petitioner l said, "Nope." The record shows that Petitioner had been enrolled in the MAT program for approximately two-years; that the protocol for receiving MAT medication is under the tongue where it is rapidly absorbed and avoid the risk that it can be transferred to another inmate. When the officer inspected the Petitioner, he found, and Petitioner admitted to having the majority of his MAT medication, on the top of his tongue where it remained unabsorbed. Rather than put it below his tongue, Petitioner spit out the medication upon discovery.

The hearing officer went into deliberations and found Petitioner guilty of misusing his medication. Petitioner appealed his disciplinary conviction to the superintendent on August 8, 2023. Petitioner raised two issues: (1) that he had taken his MAT medication correctly; and (2) that the hearing officer did not call his requested witnesses, Reporting Officer Houle and Nurse Lisa. The superintendent denied Petitioner's appeal on August 11, 2023, writing, "(1) You admitted in your DR hearing your [sic] aware the medication is to be under your tongue & it was not." The superintendent did not explicitly respond to Petitioner's appeal issue regarding the Department's failure to call his requested witnesses.

*Legal Analysis I: Some Evidence*

The Department's argument for summary judgment relies upon the "some evidence in the record" standard. *Herring v. Gorczyk*, 173 Vt. 240, 243 (2001) (citing *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)). The Department notes that the record shows that Petitioner had a history of receiving MAT medication and was aware of the protocol for receiving the mediation below the tongue Petitioner was found to have put the medication above his tongue where it remained unabsorbed. This evidence is sufficient for the Department to draw the finding that Petitioner misallocated the medication and was attempting to divert it. Whether or not the officer's evidence was credible or not or whether the finding reached by the Department that such behaviors are consistent with the diversion of MAT medication is outside the scope of the Court's review. *Herring*, 173 Vt. at 243. By statute, the MAT programs is under the purview of the Department of Corrections 28 V.S.A. § 801b. The Department also has broad authority to make rules and regulations governing the administration of such medication and to impose discipline on inmates who violate such rules. 28 V.S.A. §§ 101, 601, 801 and 851. The Court is obligated to exercise deference to the Department and its expertise in administering this MAT program and detecting diversion and efforts to misappropriate medication that is consistent with its expertise. *Plum Creek*

*Main Timberlands, LLC v. Vermont Dept of Forest, Parks & Recreation*, 2016 VT 103, ¶ 31. Under this standard, the record is sufficient to affirm the Department's imposition of discipline on Petitioner.

*Legal Issue II: Superintendent's Failure to Specifically Address Petitioner's Arguments*

The next issue is Petitioner's second argument. Notwithstanding the evidentiary record, Petitioner contends that the superintendent's failure to address Petitioner's contention that he was not allowed to call Nurse Lisa constituted a violation of Section 410.01 of the Department's own directives. The section that Petitioner specifically relies upon is found on page 14 of the Directive and states:

> The Superintendent may, upon their review of the appeal, deny the requested relief, or direct any other appropriate action; e.g., dismiss the appeal, order a new hearing, order a modification of findings reducing sanctions, etc. The Superintendent will specifically address all appeal issues raised by the inmate in the appeal. The Superintendent will respond to the appeal within thirty (30) calendar days from the date the appeal was delivered by the inmate to a staff member at the facility. Failure to respond to the appeal within thirty (30) calendar days will result in the dismissal of the disciplinary action, and staff will expunge the DR packet from the inmate's file and the database.

Department of Corrections Dir. 410.01(9)(c), at 14.

Petitioner argues that a failure to address his witness and due process issue constituted an incomplete response and violates Directive 410.01(9)(c)'s 30-day requirement. The Court does not understand the plain language of this directive to support Petitioner's interpretation. The Directive ties the nullification and dismissal to a delay by the Superintendent in filing any response. As the Vermont Supreme Court has noted, the idea if to avoid untimely delays and prejudice that accrues through protracted deliberation. *Loveland v. Gorczyk*, 173 Vt. 501, 501–02 (2001) (mem.). As *Loveland* notes, the contents of the decision are not relevant to whether the nullification provisions apply, only whether the superintendent has made the decision. Id. In this respect, the provisions of this section are similar an applied in a manner that is akin to the "deemed approved" language in zoning statutes. Id. at 504 (Skoglund, J. dissenting). The Court has long held that these type of provisions are not short-cuts to avoid the merits of a decision but a remedy to avoid "indecision and protracted deliberations . . . ." *In re McEwing Services, LLC*, 2004 VT 53, ¶ 21.

In the present case, there is no evidence of delay, indecision, or protracted deliberation. While the superintendent did not expressly address the issue that Petitioner has raised, nothing in

the decision would cause Petitioner to understand or be under the ambiguity that his argument had found purchase with the superintendent or was still under consideration. Moreover, the requirement to address all arguments is not tied to a specific remedy. Given that Petitioner has appealed and continued his argument, the Court finds that this error is harmless and has not impinged upon Petitioner's ability or right to appeal. For these reasons, the Court finds no legal basis to set aside Petitioner's discipline based on the superintendent's failure to expressly address Petitioner's argument concerning witnesses.

*Legal Analysis III: Lack of Due Process*

Petitioner's primary argument on appeal concerns the failure to call Nurse Lisa during his disciplinary hearing.[1] While the Department notes that Petitioner had two opportunities to either delay the hearing (when informed that Nurse Lisa was likely unavailable) or to call her (at the end of his testimony when the hearing officer asked Petitioner if he had anything further), these "missed opportunities" depend, in part, on making factual findings. Instead, the Court's analysis in *King v, Gorczyk* is instructive. 2003 VT 34, at ¶ 10. A party seeking to assert a due process claim from the failure to allow a witness or piece of evidence at a hearing must show prejudice resulting from the omission of the witness or evidence. In *King*, the Vermont Supreme Court found no prejudice and by extension no violation of an inmate's due process based on the Department's omission of specific laboratory test because even if the results had been admitted, they would have showed the inmate to be under the influence of THC and in violation of the rules. Id.

In the present case, Petitioner asserts that if Nurse Lisa had testified, she would confirm that Petitioner had the medication in his mouth. This may be true, but it is not a contested fact. The Department concedes that Petitioner had the medication in his mouth. It is where Petitioner had the medication in his mouth—specifically atop the tongue where it would not immediately be absorbed and where it could more readily be diverted. Nothing in Petitioner's proffer indicates that Nurse Lisa could have testified differently about the location of the medication, and the record indicates that the location was not disputed.

---

[1] Petitioner does not dispute the record, which shows that he waived his right to call CO Houle as a witness.

Based on these uncontested facts, the Court finds no prejudice attaching to the failure to call Nurse Lisa as a witness, and nothing in Petitioner's argument demonstrates prejudice from this defect.

## ORDER

The Department's Motion for summary judgment is **Granted**. Petitioner's Motion for summary judgment is **Denied**. The Department's discipline against Petitioner is **Affirmed**, and the present appeal is dismissed.

Electronically signed on 3/4/2024 3:17 PM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge