Vermont Superior Court
Filed 06/20/24
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-03921

---

Justin Redcross v Vermont Parole Board

---

## Opinion and Order on Court's Authority to Hear This Case

The Vermont Parole Board revoked Petitioner Justin Redcross's parole after he was terminated from participation in a substance abuse treatment program in the community, ostensibly violating a condition of parole requiring him to participate in "programming, screening, and/or counseling as required by your Parole Officer." Mr. Redcross sought review under Vt. R. Civ. P. 75 (*certiorari*), and the parties have filed cross-motions for summary judgment. Mr. Redcross principally argues that the Department of Corrections failed to prove the violation by a preponderance of the evidence because: (1) it failed to demonstrate that Mr. Redcross's conduct was willful; and (2) there are no findings by the Board as to whether he participated in the treatment program satisfactorily.

After the parties filed those motions, the Court sought additional briefing as to whether the parole violation proceeding before the Board is a "contested case" for purposes of Vermont's Administrative Procedures Act ("APA"), 3 V.S.A. §§ 800–848 and, if so, whether under Section 815(a) review of the Board's decision should have been sought directly in the Supreme Court.

Both parties have responded to the request for additional briefing. Neither takes a position either way on whether the violation proceeding is a contested case for APA purposes and, thus, is subject to 3 V.S.A. § 815. The State appears to argue generally, however, that treating a parole violation proceeding as subject to the APA would not be consistent with 3 V.S.A. § 800 (purpose) because the public should not be involved in parole decisions. Mr. Redcross appears to agree with that assessment and separately argues that revocation decisions can be reviewed as *habeas* claims—he requests that the Court "convert" his claim to *habeas* and review it as such.

The purpose section of the APA principally addresses the interest in public involvement in agency rulemaking, which has nothing to do with contested cases or this case. No one has proposed involving the general public in the Board's parole decisions.

As the Court explained in its earlier request for additional briefing:

A "contested case" under the APA is "a proceeding, including but not restricted to rate-making and licensing, in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing." 3 V.S.A. § 801(2). An "agency" includes any "State board, commission, department, agency, or other entity or officer of State government, other than the Legislature, the courts, the Commander in Chief, and the Military Department, authorized by law to make rules or to determine contested cases." 3 V.S.A. § 801(1).

The Parole Board appears to be an agency for APA purposes, and the Board in parole revocation proceedings determines the parolee's "legal rights, duties, or privileges" "after an opportunity for a hearing." *See* 28

V.S.A. § 552(b) (parole revocation hearing).  Neither the Board nor parole revocation proceedings are expressly exempt from the APA's contested case provisions, even if the Board has latitude to employ its own procedures.  *See* 3 V.S.A. § 816; 28 V.S.A. § 552(b)(1) ("The hearing shall be conducted in accordance with such rules and regulations as the Board may adopt.").  Numerous courts have held that parole revocation proceedings are contested cases under state APAs.  *See, e.g., Pisano v. Shillinger*, 835 P.2d 1136, 1138 (Wyo. 1992); *Frazee v. Iowa Bd. of Parole*, 248 N.W.2d 80, 82 (Iowa 1976); *In re Wayne Cnty. Prosecutor*, 591 N.W.2d 359, 361 (Mich. Ct. App. 1998).

Neither party has come forward with any convincing rationale as to why parole violation proceedings are not contested cases for APA purposes, as discussed above.  Appeals from such determinations are subject to 3 V.S.A. § 815, which directs review to the Supreme Court when, as here, no statute directs review to the Superior Court.  For those reasons, the Court concludes that parole violation proceedings are contested cases, and that this case should have been filed in the Supreme Court under § 815.  The Court lacks authority to hear this case.

The remaining arguments against that conclusion are simply not persuasive.  The State appears to argue that the limitation on review of Board decisions in 28 V.S.A. § 454 means that no review is available and that, as a result, review in the nature of *certiorari* is available under Vt. R. Civ. P. 75.  Section 454 says, "The determinations of the Parole Board shall not be reviewable *except as to compliance with the provisions of this chapter*." 28 V.S.A. § 454 (emphasis added).  Section 552(b)(2) (part of "this chapter") provides, "If the alleged violation is established by [a preponderance of the evidence], the Board may

continue or revoke the parole, or enter such other order as it determines to be necessary or desirable." *See generally Relation v. Vermont Parole Bd.*, 163 Vt. 534 (1995) (adopting preponderance standard). Mr. Redcross's claim in this case is that the violation is not supported by a preponderance of the evidence and that his parole should not have been revoked. In the language of § 454, he claims that the Board did not comply with the provisions of the parole statutes. Section 454 does not shield the Board's decision from review. Further, while § 454 may provide insight into the scope of review, it says nothing about where such review should occur.

The State also suggests that, regardless of the APA, the Court nevertheless can hear this case under the *certiorari* prong of Vt. R. Civ. P. 75. The Court disagrees. The "writ will issue only when there is no other adequate remedy at law, and no other means of review is available." *Rhodes v. Town of Woodstock*, 132 Vt. 323, 325 (1974). Section 815 provides such an avenue.

Lastly, Mr. Redcross argues that parole revocation decisions can be reviewed as *habeas* claims. He requests that the Court "convert" his Vt. R. Civ. P. 75 claim to a habeas claim and review it as such. The Court declines to do so. Even if a parole revocation decision, in appropriate circumstances, can be addressed as a *habeas* claim, such claims must be sought from "a Superior judge, or by Superior Court during its sitting, in the county where such person is imprisoned." 12 V.S.A. § 3953. The record shows that Mr. Redcross is imprisoned at Southern State Correctional Facility, which is in Windsor County, whereas this Court is located in Washington County.

<u>Conclusion</u>

For the foregoing reasons, on the Court's own motion, this case is dismissed.[1]

Electronically signed on June 19, per V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge

---

[1] The briefing suggests that Mr. Redcross may have been released on June 1, 2024. No party has argued that the case is moot on that basis, however.